JOHN B. VANOVER et al., plaintiffs in error, v. W. H. TURNER defendant in error.

(Atlanta, January Term, 1871.)

1. NEW TRIALS—BRIEF OF EVIDENCE—RULE NISI.*—In a motion for a new trial, if a brief of the testimony has been agreed upon by the counsel and filed in the Clerk's office, and the Court has granted a rule nisi, it is error in the Court at the hearing to dismiss the motion because the brief of testimony was not approved by the Court. The granting of the rule nisi is a presumptive approval within the meaning of the rules of Court.

2. SAME—SAME—AMENDMENTS.†—A motion for a new trial, including the brief of testimony, may be amended in the same terms as other proceedings in the Superior Court.

Motions for New Trials. Amendments. Before Judge Harrell. Terrell Superior Court. November Term, 1870.

This cause was ejectment. At May Term, 1869, there was a verdict for the plaintiff. A motion for new trial was made on various grounds; a brief of the evidence was made up and plaintiff's attorney agreed that it was correct, but claimed that a certain deed mentioned therein should be set out in extenso; a copy of this deed was attached to said brief, and the motion in this shape was submitted to the Judge. He passed a rule nisi calling upon the plaintiffs' counsel to show cause, at the next term, why a new trial should not be granted. From the record it appears that this rule nisi was issued after the brief was amended by the addition of the copy deed to said brief of the

---

*NEW TRIALS—BRIEF OF EVIDENCE—RULE NISI.—Prior to the act of 1870 (Code, § 4253), a brief of evidence, though approved expressly and filed, did not become a part of the record, Wetmore v. Chavers, 9 Ga. 546; Carey v. Giles, 10 Ga. 5. It could not come up in the transcript, but had to come in the bill of exceptions, or as an exhibit to the same. It may still do so, even without express approval. What was then the sole and exclusive method of bringing up the evidence has not been abolished, but another as good, and rather more convenient has been super added, so that now there is a choice between two methods; instead of the former restriction to one. The section of the Code just cited is as follows: "The brief of evidence on motion for new trial, filed and approved according to law, is hereby declared to be a part of the record of the case to which it applies, and need not, except by reference thereto, be embodied in the bill of exceptions." Stephens v. Woolbright, 60 Ga. 323; Vanover v. Turner, 41 Ga. 577.

On a motion for a new trial, if the brief of evidence has been agreed upon by counsel and filed in the clerk's office (or filing has been waived) and a rule nisi has been granted, on the hearing the motion will not be dismissed because the brief was not approved in terms. The granting of the rule nisi is a presumptive approval within the meaning of the rule of court, and a direct approval may be made at the hearing, although a different judge is presiding. Worsham v. Murchison, 66 Ga. 715.

†SAME—SAME—SAME—AMENDMENTS.—Without a brief of evidence which is satisfactory to the court, a rule nisi for a new trial should not be granted. The granting of a rule nisi at the proper time for such a proceeding, is, therefore, a presumptive approval of the brief, if any has been agreed upon by counsel and filed. Vanover v. Turner, 41 Ga. 577. Such implied approval will serve to enable the

testimony. Whether this is true is made doubtful by the bill of exceptions.

It states as follows: "At the next term, when this motion came on to be heard, the Judge, exsuo mero motu, dismissed the motion upon the ground that the brief of evidence in said *case had not been approved by the Court, and because said copy deed was not embodied in said brief, when in fact said copy deed was appended to said brief.· Movants' counsel offered then to embody the copy in said brief, and then submit it to the Court for approval. This the Court would not allow, and without examining the brief of evidence, refused to hear the motion for a new trial." His refusal to allow the brief amended as proposed, and his dismissal of the motion, are assigned as error.

H. Morgan, A. Hood, C. B. Wooten, for plaintiff in error, cited 1st Kelly, 252; 8th Georgia, 112; 7th, 436; Code, section 3661.

F. M. Harper, Vason & Davis, by R. H. Clark, for defendant.

McCAY, J.

1. Whether the agreement of counsel to the brief of evidence on a motion for a new trial supercedes the necessity of its approval and revision by the Court, does not seem ever to have been distinctly decided by this Court. The cases are numerous in which it is implied that the agreement of counsel is sufficient: 1st Georgia, 254; 3d, 220; 7th, 436; 8th, 111; 10th, 93; 13th, 403. But in none of these cases was the point actually involved in the decision.

In this case the Judge had granted a rule nisi for a new trial. The law requires the brief of the testimony to be filed, approved and revised, at the time the motion is made, and we think the act of the Court granting the new trial is a presumptive approval of the brief. If it has been agreed upon, nobody else, in such a case, can complain but the Judge, and having granted the rule, as it seems to us, he may fairly be presumed to have no cause of complaint. For myself, I think, so far as the actual brief of the testimony is concerned, the agreement of the parties supercedes the necessity of the approval of the Judge. The rule of

court to entertain the motion and have the agreed brief amended, should it be ascertained to be defective or incorrect. Spencer v. Smith, 60 Ga. 538.

If a brief of the evidence can be amended at any time whilst the motion for a new trial is pending, and it certainly can, (Vanover v. Turner, 41 Ga. 577; Ford v. Holmes, 61 Ga. 419; Howard v. Munford, 80 Ga. 166, 4 S. E. Rep. 907;) the whole evidence, after it has been approved and filed as a brief, can be amended by purging it of extraneous matter and condensing the evidence down to a proper summary or synopsis. Any terms just and reasonable could be imposed as a condition of the privilege, just as in other cases of amendment provided for by the Code. Tate v. Griffith, 83 Ga. 155, 9 S. E. Rep. 719.

The brief of evidence is amendable at the hearing of the motion for new trial. Howard v. Munford, 80 Ga. 166, 4 S. E. Rep. 907; Vanover v. Turner, 41 Ga. 577; Ford v. Holmes, 61 Ga. 419.

Court applies to cases when application is ex parte. The parties *might consent to a new trial, and I am not able to see why they might not agree to the brief of the testimony. We put the case, however, on the other ground. The granting of the rule nisi was an approval, if the parties had agreed to the brief presented.

2. Section 3429 of the Code is general, that all proceedings may be amended at any stage of the cause, and we see no reason why, if the ends of justice require it, a motion for a new trial should not abide by the same law.

Judgment reversed.