Ordinary *vs.* Smith *et al.*

3d. Because the court erred in holding that said decree operated as an estoppel on claimant,·and that the judgments of plaintiff in execution constituted a lien on the land.

The motion was overruled, and claimant excepted.

WILLIAM McKINLEY, for plaintiff in error.

JAMES G. OCKINGTON; JAMES C. BOWER, for defendant.

---

ORDINARY, for use, etc., plaintiff in error, *vs.* CHARLES H. SMITH *et al.*, defendants in error.

1. Where, in a suit on a guardian's bond, the allegations are substantially that the guardian invested the funds of his ward in real estate, and sold the real estate, through his father, and pocketed the proceeds himself, and afterwards pretended that he had invested said proceeds in Confederate bonds, no order of the judge of the superior court having been obtained, such allegations amount to a charge of fraudulent and corrupt conduct on the part of the guardian, and the statute of limitations of 1869 cannot be pleaded in bar of such suit, though the ward became of age in 1864, and married in 1868, nor should the suit be dismissed on general demurrer.

2. If the declaration be informal, or the facts, though substantially alleged,

be not set out with sufficient fullness and precision, the remedy is by special demurrer, so as to give the plaintiff an opportunity to perfect his declaration.

Guardian and ward.   Statute of limitations.   Demurrer. Practice in the Superior Court.   Before Judge BUCHANAN. Floyd Superior Court.   January Term, 1875.

Reported in the opinion.

E. C. KINNEBREW, for plaintiff in error.

SMITH & BRANHAM; DABNEY & FOUCHE, for defendants.

JACKSON, Judge.

This was a suit on a guardian's bond by Kinnebrew and wife against Smith and his securities.   The declaration alleged, in substance, that Smith invested the funds of his ward in certain real estate, and then sold the real estate, getting his father to make the deed, and *pretended* to invest the proceeds in Confederate bonds; that no order of the judge of the superior court, under the act of 1863, or otherwise, was obtained to authorize such investment, and that Smith really converted these proceeds to his own use.   The declaration alleged that the wife of Kinnebrew, who was the ward of Smith, became of age in 1864, and married in 1868; but that the facts in conection with the investment and use of the fund were not discovered by the plaintiffs until after the 1st of January, 1870.   The allegations in the declaration are not so full and specific as they ought to be, but the substance is set out above. The defendants replied by general demurrer to the declaration, and by the plea of the statute of limitations of 1869 requiring all suits to be brought by the 1st of January, 1870, and the court sustained this defense on the face of the pleadings, and held that the act of 1869 barred the right of recovery.   The question is, does that act bar this suit, or is it within the exception which exempts from its operation guardians who have acted fraudulently and corruptly?

1, 2. We think, taking the facts for true, which the demurrer and plea admit, no proof having been introduced on either side that the case comes within the exception. The declaration, though loosely and imperfectly drawn, makes a case of fraud, of moral, and therefore, we think, corrupt fraud; and if the specifications be not technically and precisely drawn, a *special* demurrer would have the effect of making them so, or of giving the plaintiff an opportunity of making them so by amendment. On the whole, we think the case had better be tried on its merits. If the allegations cannot be sustained by proof, the defendant will not be hurt; if it be true that he did not really invest his ward's money in Confederate bonds, but used and enjoyed it himself, and only *pretended* so to invest it in order to cover up the fraud, then he ought to be hurt.

Of course in this opinion, we base our judgment purely upon the facts alleged, which the general demurrer and plea admit to be true. The real facts, when proven on the trial, may make a case totally unlike that which this record discloses.

Let the judgment be reversed.