SPENCER *et al. vs.* SMITH, governor.

When, at the term at which the trial was had, a motion·was made for a new trial, the brief of evidence agreed upon by counsel and filed, and a rule *nisi* granted by the court, it was error to dismiss the motion at the hearing because the brief of evidence was not approved by the court. The granting of the rule *nisi* at the proper term was a presumptive approval, within the meaning of the rule of practice. Such implied approval was enough to enable the court to entertain the motion, and have the agreed brief amended if it was found defective or incorrect.

New trial. Practice in the Superior Court. Before Judge HARRIS. Camden Superior Court. April Term, 1877.

Report unnecessary.

GOODYEAR & HARRIS; JOHN C. NICHOLS, for plaintiffs in error.

S. W. HITCH, solicitor general, by Z. D. HARRISON, for defendant.

BLECKLEY, Judge.

Without a brief of evidence which is satisfactory to the court, a rule *nisi* for a new trial should not be granted. The granting of a rule *nisi* at the proper time for such a proceeding, is, therefore, a presumptive approval of the brief, if any has been agreed upon by counsel and filed. 41 *Ga.*, 577. Such implied approval will serve to enable the court to entertain the motion and have the agreed brief amended, should it be ascertained to be defective or incorrect. Doubtless, the 49th rule of practice contemplates in the main actual revision and express approval, and it is only by a sort of equitable expansion of the rule that any other sort can be made to suffice. But presumptive or implied approval has been recognized, and pronounced sufficient; and there is, I think, no decision to the contrary. The cases (such as that of *Woolbright vs. Collins*, this term), which hold that express approval is required to prepare the brief to come up to this court as a part of the record, under section 4253 of the Code, are not in point on the question now before us. Formerly, a brief, though revised and expressly approved, was not considered a part of the record. To reach this court, it had to be embodied in the bill of exceptions, or annexed to it as an exhibit. The clerk's certificate would not authenticate it; the authentication had to be by the judge. This method of bringing it here may still be used; and when used, any presumptive or implied approval that would suffice in the court below will be equally effective here. But a cumulative method of bringing up the brief to this court was established by the act of 1870, which now forms section 4253 of the Code. The section reads thus: "The brief of evidence, on motion for new trial, filed and approved according to law, is hereby declared to be a part of the record of the case to which it applies, and need not, except by reference thereto, be embodied in the bill of exceptions." To raise the brief from matter *in vais*, which was its former rank, to matter of record, not

only filing is necessary, but approval also. What sort of approval was in the mind of the legislature ? That sort, doubtless, which is appropriate to the creation of a record ; and nothing but express approval is appropriate, for if it takes approval to make a record, the approval itself ought to appear of record or be directly certified, so that it may be seen with due certainty that the creative act has taken place. Implied or presumptive approval will serve to give mental sanction to the contents of the brief, but not to constitute the brief a part of the record. So long as the court below has possession of the case, mental sanction is enough ; and whatever indicates such sanction, as the granting of a rule *nisi* in proper time and manner, will suffice. Indeed, these same things will serve.after. that court has sent the case hither, if the evidence comes up duly authenticated by the judge in, or annexed to, the bill of exceptions. But to raise the brief to the rank of record, and fit it to appear in the transcript, and there only, approval must be, not indirect, implied or presumptive, but direct and express. Whether the distinction taken between the two classes of cases be sound or unsound, we hope it is at least intelligible. The court erred in dismissing the motion.

Judgment reversed.