## WORSHAM, administrator, *vs.* MURCHISON.

1. While it is requisite that the selection and appointment of a judge *pro hac vice* should affirmatively appear in the record, yet the absence of jurisdiction in the presiding judge would operate to reverse his judgment, not to dismiss the case in this court.
2. On a motion for a new trial, if the brief of evidence has been agreed upon by council and filed in the clerk's office (or filing has been waived) and a rule *nisi* has been granted, on the hearing the motion will not be dismissed because the brief was not approved in terms. The granting of the rule *nisi* is a presumptive approval within the meaning of the rule of court, and a direct approval may be made at the hearing, although a different judge is presiding.
3. The verdict in this case was required by the evidence, and the grant of a new trial was error.

Practice in the Superior Court. Practice in the Supreme Court. New trial. Before JOHN L. HARDEMAN, Esq., Judge *pro hac vice.* Crawford Superior Court. March Term, 1880.

v 66—45

Reported in the decision.

HALL & SON; ISAAC HARDEMAN, for plaintiff in error.

JOHN RUTHERFORD, by S. H. JEMISON, for defendant.

SPEER, Justice.

A. H. Murchison, as an heir at law and distributee, brought his bill for account and settlement against the administrator of his father, Colin Murchison, who died in the year 1862.

The respondent filed his answer, setting up a settlement in full with complainant, and a receipt given to him by complainant in the year 1864, and also pleaded the statute of limitations and the act of 1869 as to all causes of action accruing prior to first of June, 1865.

On the bill, answer and proofs submitted on the trial, at the September adjourned term, 1878, a verdict was had for the defendant.

During the term, an order was granted allowing the complainant thirty days in which to file his motion for a new trial and to prepare and file a brief of the evidence.

Within the time allowed a brief of the testimony was agreed upon. A motion for a new trial was presented to the judge who presided in said cause, which was certified as correct and a rule *nisi* was granted "for the defendant to show cause why a new trial should not be had on the grounds therein stated."

On the brief of evidence the judge certified as to its being presented to him within the thirty days, but he entered no approval on the same. Judge Grice, who presided on said trial, having gone out of office, being succeeded by Judge Simmons. At the March term, 1880, said motion for a new trial, as appears from the record, by an order of John L. Hardeman, Esq., who signs the same as judge *pro hac vice*, was directed to be heard in vacation.

The order recited " that the above stated motion for a new trial, having been, by the order of the court upon the selection of the clerk, referred to John L. Hardeman, Esq., as judge *pro hac vice*, in place of the Hon. Thomas J. Simmons, disqualified to preside therein by reason of having been counsel in the case, it is therefore ordered," etc.

It appears further from the record that said cause, coming on to be heard before said John L. Hardeman, Esq., the defendant moved to dismiss said motion because said brief of evidence had never been approved by the court, which motion was overruled, and then and there, because said brief had been agreed upon by counsel, the same was approved by said John L. Hardeman, Esq., signing the same as judge *pro hac vice*. After hearing said motion for new trial, the said Hardeman allowed and granted the same upon various grounds therein stated, to which ruling, in not dismissing said motion for new trial, and in granting and allowing the same, defendant excepted and assigns the same as error.

When the case was called before this court, counsel for defendant in error moved to dismiss the same, because it did not appear "that John L. Hardeman had ever been appointed judge *pro hac vice* in this case, from any extract or entry to that effect from the minutes of the court below, and that this court has no jurisdiction to hear said cause."

1. While we think it is both proper and requisite that the evidence of the selection by counsel, as well as the appointment by the clerk, of a judge *pro hac vice*, should affirmatively appear in the record, in order that this court may be properly informed, yet the failure of such a record would not operate to a dismissal of the case here, but only to a reversal of the judgment complained of. For if the decision below being a mere nullity for the want of authority to pronounce it, this court would so declare by a reversal of the judgment thus illegally ren-

dered, as was ruled in the case of *Walker vs. Banks et alii*, pronounced at the February term, 1880, and not yet published.

2. To grant this motion to dismiss would operate as a reversal of the judgment, and hence we have concluded to examine and pass upon the other questions made in the bill of exceptions, treating the motion as having been made before one duly qualified, as there is evidence in this record from the minutes of the court below that John L. Hardeman acted as judge *pro hac vice*, and was so recognized by both parties. Did he err in refusing to dismiss, on motion of defendant below, the motion for new trial on the ground " that the brief of evidence had not been approved by the judge within the thirty days?" It appears from the record that the court at which the original trial was had adjourned on the 19th of October, 1878; that the order allowed complainant thirty days from the adjournment to prepare his motion and brief, and have the same approved and filed; that on the 23d October the brief of evidence was agreed upon by counsel, and the filing waived; that service on the motion for new trial was accepted by defendant's attorney on 28th October, 1878, and on the 24th day of October the judge granted the rule *nisi*, calling upon complainant to show cause why a new trial should not be granted, and that on the 28th October the brief of evidence was presented to the judge.

It will appear from the foregoing that the motion and brief of evidence were all prepared, notified to opposing counsel, and presented to the judge (filing being waved) within the thirty days allowed by the order.

But the judge failed to indorse his approval on the brief as agreed upon by counsel, and this, it is claimed, entitled defendant to his motion to dismiss.

In 41 *Ga.*, 577, this court say: In a motion for a new trial, if the brief of testimony has been agreed upon by counsel, and filed in the clerk's office, and the court has granted a rule *nisi*, it is error in the court, on the hearing,

to dismiss the motion because the brief of testimony was not approved by the court. The granting of the rule *nisi* is a presumptive approval within the meaning of the rules of court. The same ruling was reaffirmed in 60 *Ga.*, 537.

In 41 *Ga.* the court further say: "A motion for a new trial may be amended in the same terms as other proceedings in the superior court." In this case it was amended by the judge *pro hac*, indorsing his approval thereof, and this distinguishes this case from the one decided at September term, 1879, of *Harrison & Co. vs. Hall's Safe and Lock Co.*—pamphlet 129—and the cases there cited.

3. Having disposed of these exceptions, we have looked carefully into the record of the case, on the evidence and pleadings, and are clearly of the opinion the verdict was right, and the only one that could have been legally rendered by the jury. The act of 1869 clearly barred complainant from recovering, unless he could have shown that the respondent below was guilty of fraud and corruption in the administration of his trust.

The record shows that complainant was settled with in 1864, and he then receipted to the administrator in full when he was of full age; that he rested quietly and contentedly under said settlement until December, 1875, when he brought his bill nearly six years after the bar of the statute had attached. The only exception that will prevent the bar of the statute under the act of 1869 is where the representative "has acted fraudulently and corruptly," and these words, say this court in the case of *Lake vs. Hardee*, 57 *Ga.*, 461, "mean more than mere illegal conduct; they mean moral turpitude and intentional fraud, to be passed upon by the jury from all the facts in the case." "They mean actual fraud, actual, intentional wrong-doing, willful and corrupt dealing, a purpose to impose on his *cestui que trust*, and to benefit himself." See 55 *Ga.*, 15. The jury have passed upon this question and have found for the defendant, and we have in vain looked into this record to find evidence on this issue contrary to

their finding, and inasmuch as this motion for a new trial was granted by a judge who did not preside on the trial, we are the less reluctant, under former rulings in such cases, to reverse his judgment.

Let the judgment of the court below, granting said new trial, be reversed.