### HOWARD *vs.* MUNFORD.

1. Whether an account stipulated to be filed and verified by affidavit, should embrace details or be merely a statement of results from a set of books, kept by double entry, depends on the use for which it was intended. If intended merely to serve as a basis for making payment out of bank, and as a guide to the bankers in making such payment, they not having to scrutinize the particulars, details are not necessary.
2. An affidavit verifying an account, if positive and certain so far as the account goes, is not rendered the less so by the affiant's belief expressed therein that still more is due him than the balance exhibited.
3. If a creditor draw from bank his debtor's money as a payment on his account, after complying with the conditions on which it was deposited to be so drawn, he is not liable to refund it in an action for money had and received, unless it be shown that he committed fraud or mistake in complying with the conditions, or that upon a just and true accounting between the parties he cannot, in equity and good conscience, retain the money. And the burden of proof is on the plaintiff.
4. The brief of evidence is amendable at the hearing of the motion for new trial.

December 7, 1887.

Accounts. Verification. Evidence. Debtor and creditor. Fraud. Mistake. Equity. Burden of proof. Evidence. Amendment. Practice in superior court. Before Judge FAIN. Bartow superior court. January term, 1887.

Reported in the decision.

R. B. TRIPPE and A. S. JOHNSON, for plaintiff.

T. W. AKIN and J. W. AKIN, for defendant.

BLECKLEY, Chief Justice.

Howard brought an action against Munford for $2,500. The declaration contained several counts, and presented two aspects,—one as a demand for money had and received for the use of the plaintiff, the other as an account for money generally. After verdict for the defendant, the plaintiff

moved for a new trial on about thirty grounds, and a new trial was denied. The real case, though expanded in the record to great bulk, may be condensed into a few paragraphs.

Howard and Chamberlain were indebted to Munford, and turned over to him a furnace with its appurtenances to be operated by him until the debt should be paid off out of the net proceeds. The expenses were chargeable on the gross proceeds. The operations, after a few months, ceased, and the arrangement was abandoned by mutual consent. Some of the iron was on hand unsold, and it was not known how the account stood between the parties, or would stand when the proceeds of that iron were applied to the account. It was understood that Howard and Chamberlain (who used the style of the Rogers Furnace Company) were indebted in some amount to Munford,—how much was uncertain. To secure him against loss, Howard deposited $2,500 in bank, giving him an order for it on the bankers, which they accepted. The order was conditional, and specified the terms on which it should be payable, in whole or in part, as the case might be. These terms were, in brief, that after the sale by Munford of the iron, and after collecting its proceeds, he should make out his account, verify it by his affidavit, and file it with the bankers, and thereupon he was to be paid by the latter the whole or such part of the $2,500 as might be due him. According to the evidence, he complied with these conditions, if the account which he filed with the bankers was such an account as, by the terms of the order, was in the contemplation of the parties when these terms were agreed upon and reduced to writing; and provided further, that his affidavit verifying the account was sufficiently definite and positive. Both these questions are questions of law, involving simply the construction of writings and the determination of their legal effect.

1. The objection urged to the account is, that it is too general; that it ought to be a bill of particulars, a fully

itemized account, a detailed transcript from the books, whereas it is but a trial balance testing the books, showing no more than the results of the book-keeping by the system of double entry. Nevertheless it shows the total debits, the total credits from the proceeds of the iron, and the balance due from Howard and Chamberlain (the Rogers Furnace Company) to Munford. In construing the terms of the order, we must have regard to the purpose for which the account was intended to be used. It was to be filed with bankers merely to serve as the basis for making a payment by them on a conditional order which they had accepted. They were not to scrutinize or examine the account, for its verification was to rest wholly on Munford's affidavit. They had no use for the particulars, but only for the general result. All they had to do was to determine that it was an account and that it was supported by affidavit, and both these questions they decided affirmatively, for they paid out the whole of the $2,500, the balance shown being more than that amount. They were parties to the order and its conditions, having accepted the same, and may well be supposed to have understood the conditions as the other parties understood them. They seem to have raised no question as to whether the account was such as the conditions called for; and thus we have the construction of one of the parties to the instrument (and the most disinterested one) to guide our own. Had the account been intended, not for bankers to pay money upon, but for an attorney to bring suit on, or even to be scrutinized by any one before payment, the items would have been material. Had Howard himself wanted to examine the account in detail, he might have gone to the books, for we see nothing in the record to indicate that the books were not accessible to him and subject to his inspection. Had he desired to have a full transcript of them filed with his bankers, he might so have declared instead of using the loose term " account." We think, as the bankers thought, that the sense in which this term was

used in the order on which the $2,500 now sued for went into the hands of Munford as his own money, was satisfied by the document filed and sworn to.   LeRoy vs. Beard, 8 Howard, 468, 469.

2. We also think the affidavit was sufficient in all respects.   It was positive in everything save as to whether there might not be more really due Munford than appeared in the account.   This uncertainty weakened the force of the affidavit neither morally nor legally, but rather strengthened it; for the chance that more was due, whatever that chance may represent, is so much beyond the full certainty expressed in the affidavit up to the amount claimed.

3. Our conclusion is, that *prima facie*, according to the papers, the money was properly drawn from the bank; and this being so, that the burden was upon Howard, in order to recover in this case, to show that according to the true state of the accounts between the parties, he was not indebted to Munford when the action was brought, or if so, not to the extent of $2,500.   To make this appear would be the very lowest terms upon which he could recover anything on account of this money.   If Munford's account, though conforming to the terms of the order, was false either by fraud or mistake, so as not to entitle him to the whole or a part of the money which he drew from bank, he could not, in good conscience retain it; that is, he could not retain any of it if none was due him, nor the whole of it if only a part was due; and so much as he could not retain would be held by him for Howard's use; and might be recovered in this suit.   But the evidence as a whole fails to develop any state of accounts inconsistent with the account on which the money was drawn; and this being so, Munford holds the money by Howard's express warrant, not as Howard's, but as his own, and the verdict rendered by the jury was a legal necessity, whether the court committed any error on the trial or not.   For this

reason, it is enough to sanction the refusal to grant a new trial, and this we do.

4. On the question of practice as to amending the brief of evidence at the hearing of the motion for a new trial, the court ruled correctly.* The brief was amendable at that stage. *Vanover vs. Turner*, 41 *Ga.* 577; *Ford vs. Holmes*, 61 *Ga.* 419.

Judgment affirmed.

---

*At the hearing of the motion, defendant's counsel moved to correct the brief of evidence by inserting therein that defendant swore on the trial that "he had sold all the iron before he made the affidavit and called at the bank and collected the amount of deposit." This motion was resisted; and after hearing testimony on the point, the court refused to make the correction. Pending argument of the motion for a new trial, the case was postponed for several days. When again taken up, the motion to correct the brief of evidence was renewed. The court heard additional testimony on the point, and after the case had been fully argued, made the correction. This was excepted to. (Rep.)