## TATE *v.* GRIFFITH *et al.*

| | |
|---|---|
| 88 | 153 |
| 83 | 598 |
| 83 | 153 |
| 95 | 122 |
| 83 | 153 |
| 99 | 117 |
| 83 | 153 |
| 108 | 147 |

1. While nothing is a brief of the oral evidence but an abstract of abridged statement of the oral testimony, without any admixture of extraneous matter, yet whatever the presiding judge has regularly approved as such brief and ordered to be filed, and is filed accordingly, is to be treated as the brief when the motion for a new trial is heard, unless some motion, then or previously, be made to vacate and set aside the approval and order for filing, or to have the so-called brief condensed and corrected. A motion to dismiss the motion for a new trial is not the appropriate remedy so long as the approval and order for filing stand unrevoked.
2. A brief of evidence being amendable, amendments might be made even after a writ of error based on a refusal to dismiss the motion for a new trial has been adjudicated by this court; certainly so if this court thought proper to direct the allowance of amendment.
3. Upon the question of granting a new trial, this case falls within the rule touching the first grant of a new trial in the discretion of the court below.

May 3, 1889.

Practice. Brief of evidence. New trial. Amendment. Before Judge BROWN. Pickens superior court. April term, 1888.

Reported in the decision.

C. D. PHILLIPS, CLAY & BLAIR, G. R. BROWN, W. T. DAY, W. H. SIMMONS and E. H. MYERS, for plaintiff in error.

G. F. GOBER, S. A. DARNELL, J. W. HENLEY, WINN & FAW and HARRISON & PEEPLES, *contra.*

BLECKLEY, Chief Justice.

A bill in equity filed by Tate against Griffith and Tate was tried and a verdict rendered for the complain-

ant. The defendants moved for a new trial on the general grounds that the verdict was contrary to law, evidence, etc. A so-called brief of evidence was approved by the presiding judge, ordered to be filed, and filed in the month of July. In September following, the motion came up for hearing, and the respondents therein moved in writing to dismiss the same, " for the reason that no brief of evidence has been filed in terms of the statute, the only brief of evidence filed being the notes filed as taken by the reporter on the trial of the case, such brief not being a brief as required by law." The court overruled the motion to dismiss, proceeded to hear and adjudicate the motion for a new trial, and ordered that a new trial be granted. Thereupon Tate excepted, assigning error in refusing to dismiss the motion and in granting a new trial.

1. We have some doubt whether the judgment refusing to dismiss the motion for a new trial should not be reversed. Still, we hold the contrary; and our reasons for so holding will appear presently. In so far as the brief consisted of a mere copy of the stenographic notes after being written out in ordinary character by the reporter, it is in no proper legal sense a brief of the oral evidence; for only an abstract or abridgment of the oral testimony can rightly be considered a brief of it. In the oral examination of witnesses during almost any trial, many trivial and immaterial questions are asked and answered, and during a lengthy trial this worthless lumber accumulates to an enormous mass. In briefing the evidence all such stuff should be omitted. The substance only of the material testimony should be set out in succinct narrative form. Questions put to witnesses should be reproduced in the brief only when necessary either to clearness or brevity, and then they should be as much abbreviated as practicable. Of course the testimony, pure and simple, should be admitted into the

document without admixture with extraneous matter, such as remarks by court or counsel. It is not the province of the brief to report the trial, but to present a synopsis of the evidence.

But though the voluminous writing which acquired the name of a brief of evidence in this case was not a brief at all, but a report of the trial, starting out with the names of the numerous counsel and of the twelve jurors, the presiding judge treated it as such, approved it, ordered it filed, and it was filed. His approval and order were regular though erroneous, and being in the nature of a judgment had to stand, for his court at least, until set aside. When the motion for a new trial came up for hearing, it was in order to move to set them aside for error apparent on the face of the document, but no such motion was made. Had it been made it should have been granted, with leave on proper terms to amend the so-called brief by reducing it to a real and correct brief. That there was enough in the paper to amend by, there can be no doubt, as its chief defect was that it set forth not less than it should, but much more. Though it was not a brief itself, it carried a good one in its belly. If a brief of the evidence can be amended at any time whilst the motion for a new trial is pending, and it certainly can, (*Vanover* v. *Turner*, 41 *Ga.* 577; *Ford* v. *Holmes*, 61 *Ga.* 419; *Howard* v. *Munford*, 80 *Ga.* 166,) the whole evidence, after it has been approved and filed as a brief, can be amended by purging it of extraneous matter and condensing the evidence down to a proper summary or synopsis. Any terms just and reasonable could be imposed as a condition of the privilege, just as in other cases of amendment provided for by the code.

While holding that a motion to dismiss the motion for a new trial was not the remedy to reach a defective brief, or so-called brief, the approval of the judge and

the order to file being regular, and that the proper motion was to vacate these, we also think that without vacating them, a motion might have been made to correct and condense the brief, for error apparent on the face thereof. Thus, either party might have caused the brief—or what the court treated as a brief—to be purged, reduced and corrected.

2. Even if we reversed the judgment refusing to dismiss the motion, that would not cut off the right of the losing party here to amend, after this writ of error is disposed of. It would leave the motion still pending in the court below; and by analogy to *Walker* v. *Cook*, 17 *Ga.* 126, the amendment could still be made. Certainly, by analogy to *Methvin* v. *Bexly*, 18 *Ga.* 551, it would be competent for this court to direct that the privilege of amendment be allowed.

3. We have looked into the evidence as brought here by this writ of error, sufficiently to see that in so far as the question of granting a new trial is concerned, the case falls within the rule that the discretion of the court below in granting a first new trial upon the facts, where no controlling principle of law is involved, will not be interfered with. It was discretionary with the judge to order a new trial or to refuse it.

*Judgment affirmed.*