HOOD *v.* CULVER.

Whether or not a report of evidence taken by an auditor, which was filed in court and submitted to the jury on the trial of exceptions to the auditor's report, could be properly approved as a brief of the evidence introduced at that trial, yet when the same was in fact approved as such brief by the trial judge and no exception to this action was taken and the order of approval was never vacated nor set aside, the paper in question was at least so far a brief of evidence as to be amendable by substituting for it a proper and correct brief duly made out and approved by the judge; and it was not erroneous, either to allow such an amendment to be made, or to refuse to dismiss the motion for a new trial for want of a proper brief of evidence in case the movant should file the amended brief within a reasonable time fixed by the judge's order. November 26, 1894.

Motion for new trial. Before Judge VAN EPPS. City court of Atlanta. July term, 1894.

R. J. JORDAN, J. A. ANDERSON and DORSEY, BREWSTER & HOWELL, for plaintiff in error.

JOHN C. REED and MORD FOOTE, Jr., *contra.*

SIMMONS, Chief Justice.

This case was referred to an auditor who made a report to which exceptions were filed by both parties, and these exceptions were submitted to a jury. The only evidence introduced before the jury was the evidence contained in the report filed by the auditor, which was read to them by agreement of counsel. The jury found against the exceptions of the plaintiff, and he made a motion for a new trial, which concluded as follows: "Movant files herewith the report of the evidence in said case submitted by the auditor with said report, as the brief of evidence, and he prays that the court approve the same, as it contains all of the evidence introduced on the trial." The court granted a rule *nisi* which contained these words: "The brief of evidence mentioned in said motion is hereby ordered to be filed with the same, and it is hereby approved." The motion was amended by alleging, that "the defendant's counsel contended that all of the evidence reported by the auditor was pertinent to the issue then on trial, and should therefore be read to the jury; to which the plaintiff's counsel assented; and the court ordering accordingly, all of said evidence was therefore read to the jury." The rule *nisi* set the hearing of the motion instanter, but it was not heard until more than thirty days after the filing of the motion. At the hearing, the defendant moved to dismiss the motion, on the ground that no brief of evidence had been filed as contemplated by the act of 1889, and that the brief approved and filed was an original record in the case, and could not be taken from the files of the court and treated as a part of the evidence. After argument the court passed an order, that the motion to dismiss be sustained unless the mov-

ant for a new trial should, on or before a date mentioned in the order, file an amended brief of the evidence in conformity to law, and that the motion for a new trial be reset for hearing on that date. Before that day the movant filed a brief of evidence in compliance with the order. The granting of this order is excepted to by the defendant.

It was insisted in the argument before us, that the movant for a new trial had no right to use as a brief of the evidence an original paper belonging to the files of the court, and that the original report of the evidence, which was attached to his motion for a new trial as a brief of the evidence, was not a brief of the evidence at all, within the meaning of the statute, and being void, there was nothing to amend by; hence the court erred in allowing the movant to substitute a copy of the same as a brief of the evidence, after the time for filing a brief of the evidence had passed. Whether original papers can ever be properly used in making up a brief of evidence or not, we are satisfied that the plaintiff in error did not make the proper motion in the court below. Admitting for the sake of the argument that it was improper to use the original papers as the brief of evidence, and that it was improper for the judge to approve the same as a brief of the evidence, yet we do not think this approval was void. The most that could be said of it would be that it was erroneous. If the judgment approving this as a brief of the evidence was not void, but simply erroneous, it was a valid judgment until set aside, and the plaintiff in error ought to have moved to vacate it, instead of moving to dismiss the motion for a new trial. *Tate* v. *Griffith,* 83 *Ga.* 153; *Lewis* v. *Mortgage Co.,* 94 *Ga.* 574. If he had made a motion to vacate the judgment approving this as a brief, and the motion had been granted, a motion to dismiss would have been in order, because no brief of the evidence would

have been filed within the time prescribed by law. The judge having approved the paper in question as a brief of the evidence, and the judgment of approval not being void, there was a sufficient brief to authorize him to pass the order allowing the movant to amend by substituting within the time specified a copy of the paper which he had approved as a brief of the evidence.

*Judgment affirmed.*