## KEYS v. BELL.

Where a trial judge inadvertently approved as a brief of evidence a document presented as such, but which was palpably no brief at all, and subsequently passed an order in effect revoking the approval formerly entered, and in terms overruling, for want of a lawful brief of evidence, the motion for a new trial, in connection with which such document had been filed, the judgment will not be disturbed by this court.

Argued July 24, — Decided August 9, 1900.

Probate of will — appeal. Before Judge Candler. Whitfield superior court. December 22, 1899.

*Mann & Terry*, for plaintiff in error.
*R. J. & J. McCamy*, contra.

LEWIS, J. This was a proceeding by S. E. Bell to probate in solemn form the will of Elizabeth A. Bell. To this applica-

tion Mrs. Mary D. Keys filed her caveat, and objected to the
admission of the will to record, alleging that the instrument was
not the will of Elizabeth A. Bell, because she did not execute
the same freely and voluntarily, but was moved thereto by the
undue influence exerted over her by her husband, S. E. Bell.
Another ground of caveat was, that the testatrix was misled by
the legatees mentioned in the will, and especially by S. E. Bell,
who with Alice and Florence Bell led the said Elizabeth Bell
to believe that caveatrix was responsible for a certain lawsuit
brought against Thomas Caldwell, father of testatrix, when in
truth and in fact caveatrix had nothing to do with the bring-
ing of such suit.    And further, that testatrix was for many years
an invalid and in very feeble health, and was thereby made
more susceptible to the undue influence of S. E., Alice, and Flor-
ence Bell.    After the introduction of the evidence on the issue
formed on this caveat, the court directed a verdict for the pro-
pounder, which was accordingly rendered; whereupon cavea-
trix moved for a new trial, upon the general grounds that the
verdict was contrary to law and evidence, and upon the fur-
ther ground that the court erred in directing a verdict for the
propounder.    To the judgment of the court overruling her mo-
tion for a new trial the caveatrix excepts.

The record discloses that the movant made no attempt what-
ever to prepare a brief of this evidence.    On the contrary it
appears that what purported to be a brief of the evidence was
nothing but the report of the testimony taken down by the
stenographer on the trial of the case, and consisted of questions
and answers in the exact language and order in which they were
asked and answered, and covered a space in the record perhaps
ten times larger than was necessary.    The judge below approved
this evidence when it was presented to him, but when he passed
upon the application for a new trial, he granted the following
order:    "The brief of evidence as approved by me on Dec. 2,
1899, was presented to me and approved without any examina-
tion.    Upon taking up the motion to pass upon it, I find that
no effort has been made whatever to comply with the rule of
court as to briefing the evidence, and, there being no compli-
ance with the rule, I refuse the motion for new trial and deny
the same, there being no motion to dismiss."    We think the

judge was clearly right in granting this order. Indeed, the record in its present shape, even without such an action on the part of the judge below, could not be considered by this court, for the errors complained of necessarily involve, as above seen, an investigation into the facts of the case; and there being an utter failure to prepare any brief of evidence at all, the grounds of error could not be considered.

　　　　　　*Judgment affirmed. All the Justices concurring.*