ALEXANDER *v.* BARRETT *et al.*

BECK, J. 1. The fact that service of the motion for a new trial and the rule nisi upon the opposite party was made not by an officer but by the movant is not a valid ground for dismissal of the motion.

2. Retention by the trial judge of a motion for a new trial for more than ninety days after the hearing before passing upon the same will not work a dismissal of the motion.

3. Where an application for a new trial was made, and an order was duly passed in which it was provided that "Movant is allowed until the hearing of the motion, whenever that shall be, to amend and perfect the motion and to prepare for approval and file a brief of the evidence in said case," and where at the time of the hearing the movant submitted a brief of the evidence, it was within the power of the judge to approve the brief; and he having done so, it was not error to refuse to dismiss the motion for a new trial on the ground that no approved brief of evidence had been filed. *Malsby* v. *Young,* 104 *Ga.* 205 (30 S. E. 854).

4. Where the judge, having before him the brief of evidence as submitted on the hearing of the motion for a new trial, approved the same as correct and granted the new trial, but failed to enter the order approving the brief of evidence, it was competent for him subsequently, and before the bill of exceptions was sued out, to pass an order reciting that the brief of evidence "was approved January 4, 1909," that being the date upon which the motion for new trial was passed upon, and that "this order is made now for then." Such nunc pro tunc order had the effect of an approval duly entered before passing upon the motion for a new trial.

5. The evidence not requiring the verdict as rendered, the first grant of a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur.*

June 24, 1910.

Trover. Before Judge Pendleton. Fulton superior court. January 4, 1909.

*R. L. Rodgers,* for plaintiff. *Virgil Jones,* for defendants.