CUTIS *v.* GEIGER *et al.*

BELL, J. 1. A judge of the superior court has jurisdiction to revoke or modify an order approving the grounds of a motion for a new trial, at any time while the motion is still pending before him and until the bill of exceptions is certified. *Vanover* v. *Turner*, 41 *Ga.* 577 (2); *Ford* v. *Holmes*, 61 *Ga.* 419 (5); *Tate* v. *Griffith*, 83 *Ga.* 153 (2) (9 S. E. 719); *Keys* v. *Bell*, 111 *Ga.* 795 (36 S. E. 967); *Tifton &c. Ry. Co.* v. *Chastain*, 122 *Ga.* 250 (3) (50 S. E. 105); *Alexander* v. *Barrett*, 134 *Ga.* 676 (4) (68 S. E. 503); *Pryor* v. *Pryor*, 162 *Ga.* 148 (132 S. E. 895); *Atlanta & Birmingham Railway* v. *McManus*, 1 *Ga. App.* 302 (58 S. E. 258); *Fairburn & Atlanta Ry. Co.* v. *Hale*, 32 *Ga. App.* 412 (123 S. E. 724). In the present case the order affecting the previous approval is not excepted to upon the ground that it was merely erroneous because the movant was not afforded an opportunity to be heard, but the sole contention is that the judge had no jurisdiction to pass the order. There is no merit in this contention.

2. "A ground of a motion for a new trial disapproved, or not substantially approved, by the trial judge will be disregarded by a court of review, as presenting nothing for consideration. However, where a ground is substantially approved, it is the duty of a court of review to consider

and decide the question substantially presented." *Fair* v. *State*, 171 *Ga.* 112 (3) (155 S. E. 329); *McLean* v. *Mann*, 148 *Ga.* 114 (95 S. E. 985). Upon application of this rule, all grounds of the motion for a new trial in the present case will be considered, except ground 4.

3. In a suit against the grantor and the grantee, to cancel a deed as having been made to hinder, delay, or defraud the plaintiff as a creditor, it is competent to prove acts and declarations of the grantor tending to show fraudulent intent and motive on his part, whether such acts and declarations occurred before or after the execution of the deed in question; but the effect of such evidence should be restricted to the sole purpose of showing intent or motive on the part of the grantor, and the grantee would not be affected by such proof unless it appeared that the acts or declarations occurred in his presence. *Claflin* v. *Ballance*, 91 *Ga.* 411 (18 S. E. 309); *Seagraves* v. *Couch*, 168 *Ga.* 38 (3) (147 S. E. 61). Under this ruling, grounds 1, 2, 3, and 9 relating to the admission of evidence over objection of the grantee, do not show error.

4. Notwithstanding there was some evidence involving the impeachment of a witness by proof of contradictory statements, followed by rebuttal evidence of good character, the court did not err in omitting, without request, to charge the jury on the law relating to impeachment of witnesses and the manner in which a witness of whom impeachment is sought may be sustained. *Hunter* v. *State*, 136 *Ga.* 103 (4) (70 S. E. 643). This ruling applies to ground 5.

5. "It has frequently been ruled that an exception to an entire charge will not be considered, unless the whole charge be subject to such exception. *McLendon* v. *Frost*, 57 *Ga.* 448, 450 (12); *Anderson* v. *Southern Ry. Co.*, 107 *Ga.* 500 [33 S. E. 644]; *Newman* v. *Day*, 108 *Ga.* 813 [34 S. E. 167]." *Powell* v. *State*, 122 *Ga.* 571 (50 S. E. 369). In the instant case the whole charge was not erroneous, as contended.

6. The charge complained of in ground 7 was not cause for a new trial, when considered in connection with the whole charge.

7. There was some evidence to authorize the inference that the grantor was insolvent, and that the conveyance was voluntary. The charge complained of in ground 8 was therefore authorized by the evidence.

8. In ground 10 error was assigned upon the following charge: "If you find that [the grantor] made any statement at the time, before, or afterward, relative to making this deed, it should not be chargeable to [the grantee] unless [he] knew it or had reasonable grounds of suspicion that the note had been sued on, that is, he should not be chargeable with anything said by [the grantor] after the making of the deed, if you find that [the grantor] said anything, unless it was 'brought home' to [the grantee]." This charge was susceptible of the construction that if the deed was made with intent to defraud, it might be invalidated in the hands of the grantee, even though he paid value and did not know of the fraud or have ground to suspect the same until after he had acquired the deed. In this view, the charge amounted to substantial error against the grantee; and the error not having been cured by other instructions, the grantee, after verdict for the plaintiff, was entitled to a new trial. *Nicol* v. *Crittenden*, 55 *Ga.* 497 (5); *Ben-*

*ton* v. *Benton,* 164 *Ga.* 541 (2) (139 S. E. 68) ; *Claflin* v. *Ballance; Seagraves* v. *Couch,* supra. *Judgment reversed. All the Justices concur.*

No. 9187. APRIL 14, 1933.

*Mozley & Gann,* for plaintiff in error.
*Grant & Long* and *Frank C. Tindall,* contra.