ROBERSON *v.* ROBERSON.

No. 15171.   July 3, 1945.   Adhered to on rehearing July 23, 1945.

*A. B. Spence* and *E. O. Blalock,* for plaintiff in error.

*W. Orrin Lea,* contra.

JENKINS, Presiding Justice. Only the question relative to the validity of the lien as set up by the decree, and dealt with in the fourth division of the syllabus, would seem to require elaboration. The verdict of the jury in finding permanent alimony for the wife in a fixed and ascertainable sum, payable $5 per week, did not by its terms provide for the establishment of a lien. The decree in entering a judgment thereon stipulated that the designated amount "be paid in instalments of five dollars per week," and expressly provided that such recovery "shall be a lien against the defendant's property until the full amount of this judgment has been paid." The husband complains of the provision setting up a lien, and assigns error "because that part of said judgment sought to be arrested sets up a lien against defendant's property, while the verdict of the jury upon which same is based did not set up any lien on defendant's property, nor specify any disposition to be made of defendant's property." "All judgments obtained in the superior, justices', or other courts of this State, shall be of equal dignity, and shall bind all the property of the defendant, both real and personal, from the date of such judgment, except as otherwise provided in this Code." Code, § 110-507. As against the rights of third

parties acting in good faith, no judgment lien is binding against the property of a defendant located in the county where the judgment is obtained, after ten days from the date of its rendition unless it be entered in the general execution docket as provided by the Code, §§ 39-701 et seq.; but nothing as there provided "shall be construed to effect the validity or force of any deed, or mortgage, or judgment, or other lien of any kind, as between the parties thereto." § 39-704. It is not necessary that the verdict of a jury shall provide for the establishment of a lien to follow the judgment, since the lien follows a money judgment for an amount certain as a matter of law; and this applies to a judgment for alimony. "Of course a money judgment for alimony (in a certain sum) like the one in the present case, based upon a final verdict of a jury in a divorce suit, would give the plaintiff a judgment lien against any property which the defendant might own at the date of the judgment." *Landis* v. *Sanner,* 146 *Ga.* 606 (91 S. E. 688). As to whether the verdict and judgment in the instant case should be treated as a money judgment for a sum certain, it is plain that the rendering of such a judgment is within the power of the jury. *Wise* v. *Wise,* 156 *Ga.* 459 (2) (119 S. E. 410). Where the verdict, and the judgment following it, is *not* a money verdict for a sum certain, but for an uncertain sum based on weekly or monthly allowances to be terminated by the remarriage or death of the wife, and where no lien is expressly created by the judgment, a different rule has been applied. *Chero-Cola Co.* v. *May,* 169 *Ga.* 273 (149 S. E. 895, 66 A. L. R. 1469). It might well be questioned whether a judgment expressly setting up a lien could thus aid a verdict which did not in and of itself so require. This question will not be here adjudicated, since it is our opinion that the verdict rendered in this case was in effect a money judgment for a sum certain. The two divided-bench rulings which might be taken as at least inferentially holding otherwise (*Buffington* v. *Cook,* 147 *Ga.* 681, 95 S. E. 214, and *White* v. *Murden,* 190 *Ga.* 536, 9 S. E. 2d, 745), this court has already questioned and refused to follow in *Brown* v. *Farkas,* 195 *Ga.* 653 (3, 4) (25 S. E. 2d, 411). Since in the instant case the amount fixed by the jury was not primarily an instalment verdict, but was in effect an award in a fixed and certain sum, it follows as a matter of law that the wife was entitled to the lien as provided by law. The execution,

when issued, should, of course, follow the judgment, and its timely entry as provided by law would preserve the lien of the judgment payable in instalments, as against innocent purchasers, even though under such execution the sheriff would not be authorized immediately to levy the whole debt, but only the amount that has accrued. (See, in this connection, 33 C. J. S. 216, § 75; 23 C. J. 408, § 184, and citations.)

*Judgment reversed, with direction. Bell, C. J., Duckworth, Atkinson, and Wyatt, JJ., concur.*