38810. WHIDBY v. FEAGINS.

DECIDED MAY 18, 1961—REHEARING DENIED JUNE 2, 1961.

*Joseph E. Cheeley,* for plaintiff in error.

*Merritt & Pruitt, Glyndon C. Pruitt,* contra.

JORDAN, Judge. ▮ A correct brief of the evidence is essential to the validity of a motion for a new trial. *Pendergrass v. Duke,* 140 Ga. 550, 552 (79 S. E. 129); *Groves v. Groves,* 177 Ga. 768 (171 S. E. 261); *Dollar v. Fred W. Amend Co.,* 186 'Ga. 717 (198 S. E. 753); *Roberson v. Roberson,* 199 Ga. 627 (1) '(34 S. E. 2d 836). It is the duty of the trial judge to make the brief of evidence correct before ordering it filed as a part of the record. *Cochran v. Jones,* 85 Ga. 678 (8) (11 S. E. 811). Where the judge improperly approves the brief of evidence, direct exception may be taken to the order of approval over objection, or a motion may be made to vacate the order of approval, and if refused, direct exception may be taken thereto. *Mann v. Tallapoosa Street Ry. Co.,* 99 Ga. 117 (24 S. E. 871); *Murray v. Davidson,* 174 Ga. 213, 219 (162 S. E. 526). In either event, however, it is a prerequisite to a review of the judgment of the trial court that the objecting

party shall have specified in the trial court the alleged defects in the purported brief of evidence with sufficient particularity and definiteness to show wherein the purported brief of evidence was incorrect, incomplete or otherwise improper, as to enable said brief to be amended and corrected in the trial court and to provide a basis of review of the order thereon. *Tate v. Griffith,* 83 Ga. 153, (9 S. E. 719); *Lewis v. Equitable Mortgage Co.,* 94 Ga. 572 (21 S. E. 603); *Hood v. Culver,* 95 Ga. 120 (22 S. E. 123); *McDonald v. Wimpy,* 203 Ga. 498 (1) (50 S. E. 2d 328). To the brief of evidence presented for approval by the plaintiff in the trial court the defendant filed written objections on the ground that the purported brief did not properly represent the evidence produced upon the trial of the case, that the same was incomplete and incorrect, and was presented in a slanted and untrue perspective from the evidence as presented upon the trial of the case. Since these objections are too vague, general and indefinite to present any question for review and since it is not shown in the writ of error that more specific objections were made in the trial court, the judgment of the trial court overruling the objections and approving the brief of evidence must be affirmed.

■ A motion for a continuance of the hearing on motion for new trial is addressed to the sound discretion of the trial judge, and in the absence of a clear showing to the contrary, it will be presumed that such discretion was not abused. *Boatright v. State,* 91 Ga. 13 (16 S. E. 101); *McKoy v. Hardy,* 92 Ga. App. 525 (88 S. E. 2d 708); *Digsby v. Johnson,* 82 Ga. App. 611 (61 S. E. 2d 792). It cannot be said that the trial judge abused his discretion in the instant case in overruling the defendant's motion for a continuance.

■ Since the argument of counsel for the defendant was directed to the alleged errors considered above and not to the merits of the judgment granting the new trial, the same being the first grant of a new trial in this case, the assignment of error on that judgment is considered abandoned.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*