## 22737. DAVIS v. WELCH.

ARGUED NOVEMBER 10, 1964—DECIDED JANUARY 7, 1965.

*Mitchell & Mitchell,* for plaintiff in error.

*McCamy, Minor, Vining & Phillips,* contra.

MOBLEY, Justice. 1. The sole question presented is whether the remarriage of the wife terminated the liability of the husband to make the payments falling due after her remarriage.

We are of the opinion that there was a lump sum award of $5,000 to the wife, and that the judgment vested in her the right to that amount from her husband and that it was not divested by her remarriage. The jury knew that she might remarry, and their verdict did not provide that her remarriage before payment of the full amount would cause a forfeiture or that payments should terminate upon her remarriage. The facts indicate a contrary intention. The wife had worked at a textile mill and assisted in the farming of their land over a period of 23 years of married life and had helped her husband accumulate certain personal property and a 78.86 acre farm. Her sole prayer as to alimony was that she be awarded as permanent alimony one-half of all the property owned by her husband.

This case is similar to, and we think controlled by, the full-bench decision of *Roberson v. Roberson,* 199 Ga. 627 (4), (34 SE2d 836). There the jury found alimony in an amount equal to half of defendant's property to be fixed by appraisers and to

be paid by plaintiff in equal weekly installments of $5.00. That amount was determined to be $1,250 and the judgment ordered payment, as permanent alimony, the sum of $1,250, said amount to be paid in $5.00 weekly installments. The court said ". . . it is our opinion that the verdict rendered in this case was in effect a money judgment for a sum certain. The two divided-bench rulings which might be taken as at least inferentially holding otherwise (*Buffington v. Cook,* 147 Ga. 681, 95 SE 214, and *White v. Murden,* 190 Ga. 536, 9 SE2d 745), this court has already questioned and refused to follow in *Brown v. Farkas,* 195 Ga. 653 (3, 4) (25 SE2d 411). Since in the instant case the amount fixed by the jury was not primarily an instalment verdict, but was in effect an award in a fixed and certain sum, it follows as a matter of law that the wife was entitled to the lien as provided by law."

Likewise, the amount of $5,000 fixed by the jury here was not primarily an installment verdict, but an award of that amount. The direction that it be paid in three equal annual installments did no more than fix the method of payment and did not in any way affect the finality of the award of $5,000. The provision for payment in three installments was no doubt for the convenience of the husband, who owed $3,500 on his farm, which included a chicken business, and was not intended to qualify in any way the requirement that he pay her $5,000 as alimony.

It is not necessary to a decision of this case to consider the many cases dealing with the effect of the wife's remarriage upon subsequent alimony payments to the wife. Suffice it to say that there is no full-bench decision of this court holding contrary to what is here held and that the full-bench decision of this court in *Roberson v. Roberson,* 199 Ga. 627, supra, is authority for the ruling here made. See also *Brown v. Farkas,* 195 Ga. 653, supra; *Green v. Starling,* 203 Ga. 10 (45 SE2d 188) ; *Wise v. Wise,* 156 Ga. 459 (2) (119 SE 410) ; and *Allen v. Withrow,* 215 Ga. 388 (110 SE2d 663).

The verdict and judgment here, when considered in their entirety, cannot be reasonably construed as implying a condition that the part of the alimony which was to be paid in installments should abate or cease upon remarriage of the wife. The verdict

and judgment unconditionally awarded to the wife the sum of $5,000. The jury was authorized to conclude that she, having over a period of 23 years helped her husband accumulate property and a business, was entitled to a part thereof as permanent alimony, which they awarded her in money.

*Judgment affirmed. All the Justices concur.*