Joseph J. Clement v. Commissioner.
Clement v. Commissioner
Docket No. 769-71.
United States Tax Court
T.C. Memo 1972-184; 1972 Tax Ct. Memo LEXIS 73; 31 T.C.M. (CCH) 903; T.C.M. (RIA) 72184; August 23, 1972, Filed Tried in Atlanta, Ga. Joseph J. Clement, pro se, 9883 Roswell Rd., Atlanta, Ga. *74 Dudley W. Taylor, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined deficiencies in the income tax liability of petitioner for the taxable years 1967 and 1968 in the respective amounts of $412.66 and $3,130.19. The issues for resolution are (1) whether amounts paid by petitioner to his former wife pursuant to a divorce decree qualify as periodic payments under section 71(a) (1) of the Internal Revenue Code of 1954[1] and are, therefore, deductible by petitioner under section 215 and (2) whether amounts paid by petitioner to his attorney as legal fees are deductible by petitioner under section 212. 904 Findings of Fact Some of the facts have been stipulated; they are so found and are incorporated herein by this reference. Petitioner was a resident of Atlanta, Georgia, during the taxable years 1967 and 1968 and at the time of the filing of the petition herein. Petitioner filed his Federal income tax returns for the taxable years 1967 and 1968 with the Southeast Service Center, Chamblee, Georgia. *75 Petitioner and Mary Anne Iggulden (Mary) were married in 1962. The marriage was the second for both parties. The marriage was not a happy one, and the ensuing marital discord adversely affected petitioner's business activities. Petitioner and Mary were divorced by a decree of the Superior Court of Fulton County, Georgia, dated October 20, 1967. The divorce decree provided, in pertinent part, as follows: On timely motion of counsel for the defendant made after the jury retired, for an award by the Court of attorneys' fees and expenses of litigation, the Court heard evidence and arguments with respect thereto, pro and con, and ordered prior to the jury's return of its verdict that the plaintiff pay to the defendant a total of ONE THOUSAND SIX HUNDRED FIFTY ($1,650.00) DOLLARS as attorneys' fees and expenses of litigation. The jury by its verdict granted to the defendant the lump sum of FIVE THOUSAND ($5,000.00) DOLLARS and the Court orders and decrees that the total amount of SIX THOUSAND SIX HUNDRED FIFTY ($6,650.00) DOLLARS due the defendant under the verdict of the jury and the Court's award of One Thousand Six Hundred Fifty ($1,650.00) Dollars to the defendant as attorneys' *76 fees and expenses of litigation be paid by the plaintiff to the defendant at the rate of THREE HUNDRED THIRTY TWO AND 50/100 ($332.50) DOLLARS per month on the first day of each month beginning November 1, 1967 and continuing on the first day of each month thereafter until the full amount of Six Thousand Six Hundred Fifty ($6,650.00) Dollars has been paid by plaintiff to the defendant. The divorce decree contained no express provision for the payment of support in the nature of alimony. Petitioner paid Mary amounts totalling $665 and $3,990 in 1967 and 1968, respectively. These amounts comprised two monthly payments of $332.50 each in 1967 and 12 monthly payments of $332.50 each in 1968. Approximately 25 percent of each monthly payment of $332.50 is attributable to petitioner's payment of the legal expenses incurred by Mary in the divorce proceeding. The remaining 75 percent of each monthly payment is attributable to the $5,000 lump sum awarded to Mary by the jury in the divorce proceeding. Petitioner paid his attorney the amounts of $639.25 and $1,200 in 1967 and 1968, respectively, for his services in representing petitioner in connection with the divorce proceeding. In his *77 returns for the taxable years 1967 and 1968, petitioner claimed an alimony deduction under section 215 for the amounts paid to Mary and a deduction under section 212 for the amounts paid to his attorney. Respondent in his notice of deficiency disallowed the claimed deductions and increased petitioner's taxable income to reflect the disallowance of these deductions. Opinion The first issue is whether petitioner's payments in 1967 and 1968 to his former wife are periodic payments in discharge of a legal obligation which is imposed on or incurred by the husband because of the marital or family relationship. If so, these payments are includable in the wife's income under section 71[2] and are deductible by the husband under section 215. [3] Petitioner contends that the payments comply with the requirements of sections 71 and 215. Respondent contends that the payments constitute a lump sum property settlement and are, therefore, not deductible by the petitioner. *78 905 In discussing this issue, we must first analyze the two component elements of each monthly payment of $332.50. Approximately 25 percent of each monthly payment is attributable to petitioner's payment of the legal expenses incurred by Mary in the divorce proceeding. The remaining 75 percent of each monthly payment is attributable to the $5,000 lump sum awarded to Mary by the jury in the divorce proceeding. It is well established that expenses are personal in nature if they arise as a product of the taxpayer's personal or family life and are, therefore, nondeductible. See section 262. It is also clear that the deductibility or nondeductibility of legal expenses incurred in a a divorce proceeding is contingent upon the origin of the expense, that is, legal expenses incurred in a divorce proceeding are deductible only if the taxpayer can establish that the legal expenses had their origin in the taxpayer's profit-seeking business activities and not in the divorce itself. United States v. Gilmore, 372 U.S. 39 (1963); United States v. Patrick, 372 U.S. 53 (1963); and William F. Wallace, Sr., 56 T.C. 624 (1971). Petitioner can deduct his *79 payment of Mary's legal expenses incurred in the divorce proceeding only if these expenses originated in petitioner's profit-seeking business activities. Although it is apparent that petitioner's marital discord adversely affected his business operations, these consequences are irrelevant. See United States v. Gilmore, supra, and United States v. Patrick, supra.The conclusion remains that the divorce itself is the origin of Mary's legal expenses. Therefore, since Mary's legal expenses have a personal origin, we hold accordingly that the 25 percent of each monthly payment attributable to the payment of Mary's legal fees incurred in the divorce is not deductible by petitioner under the Gilmore and Patrick rationale. See David R. Pulliam, 39 T.C. 883, 885 (1963), affd. 329 F. 2d 97 (C.A. 10, 1964), certiorari denied 379 U.S. 836 (1964). The determination of whether the remaining 75 percent of each monthly payment in fact represents alimony or a property settlement is not controlled by the existence or nonexistence of descriptive labels in the divorce decree. Instead, this determination results from a close examination *80 of the facts in each specific case. See Ann Hairston Ryker, 33 T.C. 924 (1960); Ernest H. Mills, 54 T.C. 608 (1970), affd. 442 F. 2d 1149 (C.A. 10, 1971); Lewis B. Jackson,jr., 54 T.C. 125 (1970); and Enid P. Mirsky, 56 T.C. 664 (1971). Therefore, the fact that the term "alimony" was not expressly referred to in the divorce decree is not per se prejudicial to petitioner. However, this Court cannot ignore that petitioner has the burden of proving that the payments constituted alimony under section 71 and are accordingly deductible under section 215. See Enid P. Mirsky, supra, at 677, and Brantley L. Watkins, 53 T.C. 349 359 (1969). Petitioner has introduced no evidence that would support his contention that the payments constituted support in the nature of alimony. [4] Thus, since petitioner has not satisfied his burden of proof with respect to this issue, we conclude that petitioner is not entitled to a deduction under section 215 for the taxable years 1967 and 1968 for the 75 percent of each monthly payment attributable to the amount awarded in the divorce proceeding. *81 With respect to the second issue, the previous discussion of United States v. Gilmore, supra, and United States v. Patrick, supra, is again relevant. The origin of petitioner's own legal expenses is the divorce and not his business activities. Therefore, we conclude that petitioner's own legal expenses incurred in the divorce proceeding are not deductible, and that the Commissioner properly disallowed the claimed deductions in the taxable years 1967 and 1968 pertaining to petitioner's own legal expenses. See David R. Pulliam, supra, at 885. Decision will be entered for the respondent. 906 Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. SEC. 71(a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. ↩
3. SEC. 215(a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682↩, the amount thereof is not includible in the husband's gross income.
4. Sec. 1.71-1(d) (3) (i), Income Tax Regs., provides that payments to be paid over a period of 10 years or less may be considered periodic payments if such payments satisfy two conditions: (a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and (b) Such payments are in the nature of alimony or an allowance for support. Petitioner has presented no evidence to establish that this regulation is applicable in the instant case. In fact, the divorce decree contains no express provision for the contingencies described in sec. 1.71-1(d) (3) (i) (a). In addition, we found no authority under Georgia state law that would permit application of these contingencies in the absence of express provision for them in the divorce decree. See, e. g., davis v. Welch, 220 Ga. 515, 140 S.E. 2d 199 (1965). Accordingly, we find that sec. 1.71-1(d)(3)(i)↩ is not applicable in the instant case.