## COLLINS *v.* MOORE & CULVER.

1. When the owner of land which has been rented to another sells the same to a third person, and the three enter into an agreement that from thenceforth the tenant shall be the tenant of the purchaser, the status of these parties becomes, both with respect to themselves and others having or chargeable with notice of the facts, fixed by that agreement.
2. One who takes a mortgage upon land in the actual possession of a person other than the mortgagor is in law chargeable with notice of all facts affecting the validity of the mortgage which could be ascertained by making proper inquiry of him who has such possession.
3. When, as between vendor and vendee, a parol contract for the sale of land has for any reason been taken out of the statute of frauds, the latter, relatively to one who takes from the former a mortgage upon such land and who at the time of so doing knows, or ought to know, of the existence of such contract, occupies as good a position as if that contract had been duly reduced to writing.
4. Taking a mortgage to secure the payment of an antecedent debt does not place the mortgagee upon the footing of one who bona fide advances money upon the faith of a mortgage given at the time the advance is made.

Submitted March 1, — Decided April 25, 1902.

Levy and claim.    Before Judge Hart.    Hancock superior court. March 7, 1901.

*R. H. Lewis* and *W. H Burwell* for plaintiff in error.
*F. L. Little*, contra.

LUMPKIN, P. J.    On the 1st day of August, 1896, Mrs. Alice M. Collins entered into a parol contract with H. M. Collins for the purchase of a tract of land.    At that time it was in the possession of one Ivey, who was holding as a tenant of H. M. Collins.    By the terms of the contract Mrs. Collins was to make, and did in fact make, a cash payment of $195.    The balance she paid subsequently to the 10th day of September, 1896, and finally received a deed from H. M. Collins.    On the day last named he executed and delivered to Moore & Culver a mortgage covering the same land, and purporting to secure the payment of a promissory note for the sum of $1,000.    The mortgage was afterwards foreclosed, and an execution issuing from the judgment of foreclosure was levied on the land above referred to, and the same was claimed by Mrs. Collins.    At a trial of the issue thus formed, the above-stated facts and others hereinafter indicated appeared.    The jury, under the direction of the court, returned a verdict in favor of the plaintiffs in execution. Thereupon Mrs. Collins made a motion for a new trial, to the overruling of which she excepted.    The questions thereby presented are indicated in the headnotes and covered by the discussion which follows.

Mrs. Collins assigned error upon the rejection of testimony offered by her which tended to show that at the time of her purchase from H. M. Collins there was an agreement, to which she, her vendor, and Ivey were all parties, to the effect that from thenceforth Ivey was to be her tenant, and that accordingly he thereafter recognized her as his landlord and remained in possession of the premises as her tenant.    There was before the jury evidence warranting a finding that Culver, who represented his firm in taking the mortgage from H. M. Collins, knew at the time of so doing that he was not in actual possession of the land, and also that Ivey was in possession, but made no inquiry of Ivey as to how he held the premises, nor any effort to ascertain whether, in point of fact, he was still the tenant of H. M. Collins.    For the purpose of testing the relevancy of the rejected testimony, it must be assumed that the

same would have been believed by the jury, and that Mrs. Collins would have thus established the change in tenancy which she contended had taken place before the mortgage was given to Moore & Culver.    Had she done this, it would have been apparent that Culver by proper and timely inquiry could have learned of this change, and it would necessarily have followed that his firm was, at the time of the execution of the mortgage, chargeable with knowledge of Mrs. Collins' possession through Ivey, her tenant, and therefore with notice of all her rights with respect to the land in controversy. Now what were those rights?    As between herself and her vendor, the contract was taken out of the statute of frauds by her partial performance in making the cash payment of $195, and his subsequent acceptance of the balance of the purchase-money.    It is clear that if Culver & Moore at the time of taking their mortgage knew, or ought to have known, of the existing contract between H. M. Collins and Mrs. Collins, she, even relatively to these mortgagees, should have been treated as standing upon as good a footing as if that contract had been reduced to writing.    As they claimed under him, their position, if they had or were chargeable with knowledge of the facts, could not, as to the rights of Mrs. Collins, be superior to his. Since H. M. Collins was bound by his contract with her, and she was entitled to a specific performance thereof, their mortgage was, under such circumstances, necessarily taken subject to that contract. We therefore entertain no doubt that the rejected testimony was admissible.    It was probably excluded upon the idea that one after becoming a tenant can not attorn to a person other than his landlord.    This doctrine is unquestionably applicable where the rights of the landlord would be injuriously affected; but when he contracts to sell rented premises to another and by express agreement between himself and his vendee, which is assented to by the tenant, the vendee is to have immediate possession of the premises and the tenant is thereafter to hold under him as landlord, there is an end to the contract of rental between the vendor and his tenant, and it certainly would not do to hold that these three persons were not all bound by the express terms of their own agreement, or that their privies were not concluded thereby.    It follows from the foregoing that even if the mortgage was given to secure a debt created at the time it was taken, Culver & Moore, assuming the truth of the contention which Mrs. Collins sought to establish, acquired their lien

subject to her right to complete with H. M. Collins her contract of purchase.

She also offered to prove that, as matter of fact, the mortgage was given to secure a debt which was in existence before that contract was made, but the testimony which she tendered for this purpose was excluded by the court. Plainly, it should have been admitted; for if she could thus have shown that the mortgage was given merely to secure the payment of an antecedent debt, it is obvious that the claim of the mortgagees that they stood upon the footing of an innocent purchaser for value and without notice would have been fully met and overcome.

The errors in rejecting testimony require a new trial.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*