## GROOMS. v. GROOMS et al.

1. In an action by a vendee against a vendor and his assignee with notice, to compel specific performance of a parol contract for the sale of land, by virtue of which the vendee alleged that he went into possession and erected valuable improvements on the faith of it, and made a tender of the balance of the purchase-money, which was declined by the vendor, it was not erroneous to instruct the jury that the plaintiff would not be entitled to a decree unless he showed full performance of the contract on his part, which included the payment or tender of the purchase-money.

2. If, after notice that another has made a contract for the purchase of land, a third person cuts in, buys it, and takes a conveyance, such person stands in the place of his vendor; and a court of equity, if it would decree a specific performance of the contract against the latter, will render a like decree against the former.

3. Where a judge certifies to having given a specific instruction, which is erroneous, and the general charge as sent up in the record does not contain it, but does contain an instruction correctly embodying the law on the same subject, both charges will be deemed to have been given. Where such contradictory instructions appertain to a material issue in the case, a new trial must result, where the erroneous charge is not withdrawn in express terms or by the context.

MARCH 10, 1914.

Petition for specific performance. Before Judge Rawlings. Bulloch superior court. May 2, 1913.

*H. B. Strange,* for plaintiff.    *F. T. Lanier,* for defendants.

EVANS, P. J. The action was by H. J. Grooms against G. P. Grooms and T. L. Grooms, for specific performance of an oral contract for the purchase of land. The plaintiff and the defendants are brothers. It was alleged, that in 1901 the plaintiff purchased from G. P. Grooms, for the sum of $300, a certain tract of land; that at the time of the purchase he paid G. P. Grooms $100 and agreed to pay the balance in two annual installments of $100 each; that in pursuance of the contract of purchase he went into possession of the land and erected valuable improvements thereon; that after his purchase G. P. Grooms sold the land to T. L. Grooms, the latter agreeing at the time that he would make and deliver to the plaintiff a deed to the land upon the payment of the balance of the purchase-money, which he now refuses to do; and that the plaintiff had offered to pay the balance of the purchase-money. He tendered the amount into court, and prayed for specific performance of the contract. The defendants denied the various allegations of the petition; and further averred, that at one time

there was an executory agreement to sell the land to the plaintiff, provided he could arrange a payment, but he failed to make any payment, and, shortly after he went into possession of the land, admitted that he could not pay for it; and that since that time he had been occupying the land as tenant and not as owner, and had recognized the defendants' title by paying to them at different times rent for the use of the premises. The trial resulted in a verdict for the defendants. The plaintiff was denied a new trial, and he excepts.

1. The court instructed the jury that before the plaintiff would be entitled to a specific performance of his contract it was necessary for him to show that he had paid or tendered the purchase-money. Error is assigned upon this instruction. Specific performance of a parol contract for the sale of land will be decreed where the vendor puts the vendee in possession of the land and accepts from him partial payment, or where he puts the vendee in possession, and the vendee upon the faith of the parol contract of sale erects valuable improvements. Civil Code (1910), § 4634. But equity will not decree specific performance, unless the vendee before bringing his suit shall tender to the vendor the amount agreed to be paid by him before the execution of the conveyance, or alleges facts excusing such tender. *Miller* v. *Watson,* 139 *Ga.* 29 (76 S. E. 585). The petition alleged a tender and its rejection, and it was a necessary part of the plaintiff's case to prove such allegation before he would be entitled to a decree of specific performance of the contract.

2. Error is assigned on the following charge: "But if there was an agreement to sell, and he has not complied with his contract up to the time that the deed was made by G. P. Grooms to T. L. Grooms, so far as T. L. Grooms is concerned the plaintiff has no right of action." As applied to the facts of the case this was an erroneous instruction, and harmful to the plaintiff. The plaintiff submitted testimony to the effect that after purchasing the land from G. P. Grooms and entering into possession and erecting valuable improvements thereon, and before the maturity of his purchase-money obligation, his vendor, G. P. Grooms, sold the land to T. L. Grooms, with knowledge of his contract of purchase, and that the plaintiff offered to pay the balance of the purchase-money to T. L. Grooms, who refused to accept the same and to recognize that he had any contractual right to have a conveyance

of the land upon payment of the full purchase-money. If a vendor, after entering into a parol contract of sale of land, puts the vendee in possession thereof (who makes valuable improvements with reference to the contract), and later sells the land to another with knowledge of the prior contract of sale, equity will compel specific performance of his assignee upon the original purchaser's paying or tendering the full amount of the purchase-money due under his contract. *Bryant* v. *Booze,* 55 *Ga.* 438; *Linder* v. *Whitehead,* 116 *Ga.* 206 (42 S. E. 358). The effect of the charge was to eliminate this element of the case, which had support both in the pleadings and in the evidence.

3. The charge of the court is contained in the record, and the excerpt quoted in the preceding division is not incorporated therein. Indeed, the contrary proposition is stated in the charge. The question now occurs, what effect must be given to the excerpt which is contradictory to the instruction given in the general charge. When the court was called on to approve the recitals of fact in the motion, his attention was thereby particularly called to this excerpt as having been included in his instructions to the jury. He certifies that he gave this instruction, and such certification can only be reconciled with the general charge on the theory that it was inadvertently omitted from the transcription of the general charge, and should have been incorporated therein. Thus we have a case where the court gave to the jury two contradictory instructions, one of which is erroneous and absolutely conflicting with the other. Where an erroneous rule is charged as to a material matter, the error is not rendered harmless by a subsequent statement or even reiteration of the correct rule, unless the judge expressly calls the attention of the jury to the incorrect statement and retracts it, or the context clearly shows a withdrawal or modification of the erroneous rule. *Rowe* v. *Spencer,* 132 *Ga.* 426 (64 S. E. 468).

*Judgment reversed. All the Justices concur.*