### 5413. REINSCHMIDT v. DOROUGH.

RUSSELL, C. J. 1. The controlling issue in this case was whether the defendant contracted, as an original undertaking, to assume liability for medical services to be rendered in behalf of another by the plaintiff, who was a physician. The evidence authorized a finding that even if the defendant did not expressly contract to pay the plaintiff for medical services rendered the defendant's son (who was sui juris), it was at least understood by both the plaintiff and the defendant that the plain-

tiff would not perform further services unless he was employed by the defendant; and the defendant, by accepting the contract, upon the condition and in the sense in which he knew it was understood by the plaintiff, must be held to have assented to it in that sense. Civil Code, § 4114.

2. When there is an issue as to the person to whom credit was extended, or who of two or more persons is the debtor, the question is one of fact, and a witness who knows that fact may state it as such, although, in a case where the witness is not himself the person who extended the credit, his statements on this point would be a matter of opinion, and in that event the witness should first be required to give the facts upon which he bases his opinion.

3. The instructions requested were sufficiently covered in the charge of the court, and there was no error in refusing a new trial.

*Judgment affirmed. Roan, J., absent.*
DECIDED MARCH 26, 1914.

Complaint; from city court of Quitman—Judge Long. December 19, 1913.

*Branch & Snow,* for plaintiff in error.
*Bennet & Harrell,* contra.