### LANDRUM *v.* LANDRUM, administrator, *et al.*

HILL, J. 1. If an instrument containing provisions in the nature of a conveyance of real estate is not properly attested or probated for record, the recording of it does not authorize a certified copy, as such, to be admitted in evidence on proof of the loss of the original paper; but if a copy taken from the record is proved to be a correct copy of the original, the mere fact that the original may have been improperly recorded without due attestation will not prevent the proved copy from being admitted in evidence like any other copy of the original made by a private person, upon proof of loss or destruction of the original.

(*a*) In this case there was testimony on the part of a witness that the copy taken from the record had been compared by him with the original and was a correct copy of the original, and that the latter was subsequently lost.

(*b*) The objection was not based on the ground of lack of proof of the original contract, and evidence was introduced on that subject.

2. Where a motion for a new trial contains exceptions to certain alleged charges of the court, it is the duty of the judge to either approve or disapprove the grounds containing such recited charges, and not to approve them in a conditional manner, so as to require the Supreme

Court to examine his entire charge to ascertain whether the charges set out in the grounds of the motion are correctly stated or not.

(a) In the present case the only attempted approval of the amended grounds of the motion for a new trial is in the following words: "This amendment allowed; the recitals of fact therein, as explained by the court's notes, are approved as correct. The exceptions to the charge, when taken in connection with the entire charge, are approved; but the court gave no charge except that approved by it as its charge, now on file in the clerk's office of said court." *Held*, that this does not approve as correct, without qualification, the charges recited in certain grounds of the motion for a new trial on which error is assigned, but rather amounts to a disapproval of the grounds as stated, leaving it to the Supreme Court, by comparing the charges set out in the grounds of the motion for a new trial with the general charge, to ascertain whether such grounds contain correct excerpts from such charge. Under such an entry, this court can not undertake to pass upon the grounds of the motion dependent upon such alleged charges.

(b) This character of entry does not fall within section 3 of the act of August 21, 1911 (Acts 1911, p. 149). Here there was not a mere failure to approve the grounds of the motion, but an entry which has just been held to amount to a disapproval of them as set out.

3. While the evidence was somewhat uncertain, and the testimony of some of the witnesses appeared to be vacillating in character, it can not be held that the verdict was without evidence to support it.

*Judgment affirmed. All the Justices concur.*
JUNE 14, 1916.

Partition. Before Judge Patterson. Milton superior court. March 31, 1915.

*W. D. Mills* and *J. Z. Foster,* for plaintiff in error.

*J. T. Houze* and *J. P. Brooke,* contra.