### LOVE *v.* LOVE.

Where a bill of exceptions was tendered to the presiding judge three times, and each time he declined to certify it as true, unless certain corrections were made, and when it was tendered to him a fourth time he signed a certificate in which it was stated that certain parts of the bill

of exceptions were "incorrect," this did not amount to a certificate that the bill of exceptions "is true," and the writ of error must be dismissed.

NOVEMBER 17, 1916.

Writ of error from Douglas. Motion to dismiss.

*J. S. James,* for plaintiff. *Astor Merritt,* for defendant.

GILBERT, J. The following certificate appears in the record in this case: "I do hereby certify that the foregoing bill of exceptions was tendered me December 15, 1915. On said December 15, or the 16th, I examined said bill of exceptions, found the same incorrect, noted my objections thereto in writing, attached the same to said bill of exceptions, directed said bill of exceptions left with the clerk of the superior court of Douglas county, as directed by the Hon. J. S. James, counsel of record for Savannah Love, December 15 or 16 last. Thereafter, on December 29, I received said bill of exceptions a second time. Upon examination thereof I found the objections formerly noted to said bill of exceptions contained in said bill of exceptions when received the second time. Thereafter, on December 30, I returned said bill of exceptions to the Hon. J. S. James, with objections noted thereto in writing and attached thereto. On January 7, 1916, I received said bill of exceptions a third time. Upon examination thereof I found said bill of exceptions contained the objectionable facts thereinbefore objected to and noted, which objections counsel had failed to remove. Thereafter, on January 11, 1916, I returned said bill of exceptions to Hon. J. S. James a third time, with a third objection noted thereto in writing and attached thereto, all of which objections are attached to said bill of exceptions. On this the 26th day of January I received the foregoing bill of exceptions a fourth time, together with statement from counsel for plaintiff that he declined to correct said bill of exceptions to conform to the objections noted in writing by me thereto, and requested that I make such certificate as my remembrance of the case dictated. Therefore, I hereby decline to certify to that part of said bill of exceptions noted in objections signed by me of date of January 11, 1916, and the other objections attached to said bill of exceptions, which read as follows: 'The defendant objected to said evidence because it was a record adjudging Savannah Love insane, and because Peter Love admitted in his answer that she was insane.' This part of said

bill of exceptions is incorrect, and I decline to verify the same. With the above exception, I do hereby certify that the foregoing bill of exceptions is true and correct, and contains all the evidence and specifies all the record material to a clear understanding of the errors complained of, and the clerk of the superior court of Douglas county is hereby ordered to make out a complete copy of such part of the record in said case as is in this bill of exceptions specified, and certify the same as such, and cause the same, together with the attached objections to said bill of exceptions, to be transmitted to the present term of the Supreme Court, that the errors alleged to have been committed may be considered and corrected." Also in the record appears a paper tendered by counsel for the plaintiff in error to the judge, which is referred to in the above as "the foregoing bill of exceptions."

Where in a certificate to a bill of exceptions "the judge certifies that the bill of exceptions 'as amended' is true, . . the writ of error must be dismissed." While the judge may supply omissions in the bill of exceptions by notes or otherwise, if so doing has the effect of showing that in part the bill of exceptions is not true, it will work a dismissal. *Jarriel* v. *Jarriel,* 115 *Ga.* 23 (41 S. E. 262). Where in the certificate of a bill of exceptions the judge certifies that the bill of exceptions, "as modified by the note attached and made a part thereof, is true," and such note shows that the bill of exceptions is in large part not true, the writ of error must be dismissed. *Priester* v. *Bray,* 138 *Ga.* 69 (74 S. E. 757). A certificate to a bill of exceptions, wherein the judge certifies that it is true "except as hereinafter qualified," and then adds a qualification, does not amount to a certificate that the bill of exceptions is true, and the writ of error must be dismissed. *Central Ry. Co.* v. *Mills,* 143 *Ga.* 47 (84 S. E. 120). The bill of exceptions in the instant case is not certified by the trial judge as true; and it follows that the writ of error must be

                        *Dismissed. All the Justices concur.*