### 7885.   NOBLES *v*. THE STATE.

1. Where a motion for a new trial contains a ground not approved or certified as true by the trial judge, that ground will not be considered by this court.

2. The evidence authorized the verdict and the charge of the court was full and fair.

DECIDED FEBRUARY 16, 1917.

Accusation of misdemeanor; from city court of Dublin—Judge Hicks. July 17, 1916.

*Fred Kea,* for plaintiff in error.   *S. P. New, solicitor,* contra.

LUKE, J. B. E. Nobles was convicted of violating the prohibition law, and filed a motion for new trial. One of the grounds of the motion for a new trial is as follows: "Because the court erred in not charging the jury the written request of the defendant, giving him the benefit of a charge to this effect: 'Gentlemen of the jury, I further charge you, where more than two quarts of whisky is found in a buggy occupied or driven by two or more persons, it would not be prima facie evidence that all of the whisky belonged to one of the parties." The trial court's approval of grounds of the motion for a new trial was in the following terms, to wit: "The averments of fact contained in the above motion are hereby approved as true, except that I do not remember the request to charge having been tendered during the trial. Mr. Kea, counsel for the defendant, however swears that he did present it." The ground assigning error upon the court's refusal to charge is not approved by the trial court as required by section 6090 of the Civil Code of 1910. *Landrum* v. *Landrum,* 145 *Ga.* 307 (89 S. E. 201).

The other assignments of error, urged by counsel for the plaintiff in error in his brief, are without merit, and the evidence fully authorized the verdict.

*Judgment affirmed. Wade, C. J., and George, J., concur.*