McLean *v.* Mann *et al.*

George, J. 1. Where a ground of an amendment to a motion for new trial, complaining of the admission of testimony, is not approved as true by the trial judge, but "is approved with following qualifications," setting out the qualifications, which in this case are material qualifications, it will not be considered by this court. If the judge approve the ground of the amendment, without more, this is a sufficient approval; but an express approval with certain added qualifications is not an unqualified approval of the ground as true. *L. & N. R. Co.* v. *Ogles,* 146 *Ga.* 20 (90 S. E. 476); *Landrum* v. *Landrum,* 145 *Ga.* 307 (2) (89 S. E. 201). Cf. also *Central of Georgia Railway Co.* v. *Mills,* 143 *Ga.* 47 (84 S. E. 120); *Love* v. *Love,* 146 *Ga.* 160 (91 S. E. 27).

2. Where in a civil case the judge, in stating the contentions of the parties, fully and fairly submitted the issues raised by the pleadings in the case, the failure of the court, in the absence of a request, to instruct the jury upon a contention of one of the parties not raised by the pleadings, although supported by some evidence in the record, is not cause for a new trial. *Martin* v. *Nichols,* 127 *Ga.* 705 (56 S. E. 995); *Cordele Sash &c. Co.* v. *Wilson Lumber Co.,* 129 *Ga.* 290 (2) (58 S. E. 860); *Hewitt* v. *Lamb,* 130 *Ga.* 709 (2) (61 S. E. 716, 14 Ann. Cas. 800).

3. The charge of the court upon the question of estoppel, assigned as error in the motion for new trial, was authorized by the pleadings and evidence in the case. There is no complaint that the charge was not a correct statement of the law.

4. The evidence warranted the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 666. MAY 15, 1918.

Equitable petition. Before Judge Graham. Telfair superior court. October 9, 1917.

Mrs. Callie McLean filed her petition in equity, in Telfair superior court, against F. R. Mann and Douglas McArthur. She alleged that defendants were in possession of a deed to lot of land No. 85 in the seventh district of said county, said deed purporting to have been executed by the petitioner, who was formerly Mrs. C. J. McDuffie. She alleged that she was in possession of the land, and that the deed was a forgery. She claimed title to the land under a deed executed by Mrs. Victoria McArthur as the administratrix of Walter T. McArthur, deceased. She prayed for the cancellation of the deed. The defendants denied that the deed was a forgery, and alleged that the same was executed and delivered by the petitioner in furtherance of a compromise agreement for the settlement of a dispute with reference to the ownership of two lots of land, title to which was claimed both by the former

husband of the plaintiff and by the administratrix of Walter T. McArthur, deceased. By the terms of this agreement title to both of said lots was to be made to plaintiff's husband, and he in turn was to make title to lot 85 to Douglas McArthur. The agreement was carried out, but at the direction of plaintiff's former husband the title to both of the lots was made to the plaintiff; whereupon the plaintiff executed and delivered a deed to Douglas McArthur conveying to him lot 85. Douglas McArthur conveyed the lot to the defendant Mann. It was contended by the defendants that the plaintiff was estopped to assert title to the land, and that it was inequitable for the plaintiff to have and to hold the other lot to which she, in the right of her former husband, acquired quiet title, and repudiate her deed to the defendant McArthur to the lot in question. The settlement of the dispute between plaintiff's husband and the estate of Walter T. McArthur was alleged to be the sole consideration of the deed by the administratrix of Walter T. McArthur's estate to the plaintiff. The evidence for the defendants tended to support their contentions. There was, a verdict and judgment in favor of the defendants. A motion by the plaintiff for new trial, was overruled, and she excepted.

*A. A. McLean* and *W. W. Bennett,* for plaintiff.

*W. S. Mann,* for defendants.