## STROUD *et al. v.* MOORE.

GILBERT, J. The petition prayed for specific performance of the following contract for the sale of land: "July 18th, 1919. Received of G. R. Moore one hundred dollars ($100.00), same being part payment of purchase-price of one lot and house on corner of Thomaston Street and Murphy Avenue. Lot containing two acres of land, bounded on north by Albert Bush, west by Thomaston Street, south by Murphy Avenue, east by Mr. Hudgins. The purchase-price being $1900.00 cash. [Signed] Priscilla Stroud, Mrs. R. E. Bowman, per Priscilla Stroud." It alleged a refusal by the defendants to convey the land; that plaintiff was ready, willing, and able to perform the contract on his part; that the defendants were threatening to sell the land to another; and that the damages recoverable at law would be inadequate; and it prayed injunction to prevent the defendants from disposing of the land. The petition was demurred to on the grounds that it set forth no cause of action; that the allegations do not warrant the equitable relief prayed; that the contract is unilateral; and is not such a one as will be enforced under the statute of frauds. To the overruling of this demurrer the defendants excepted. *Held:*

1. The contract shown by the written instrument is not unilateral, and the court did not err in overruling the demurrer to the petition, based upon that ground. 6 R. C. L. 687 § 94.

2. The court did not err in overruling the general demurrer. While the written instrument omits to show where it was executed, or in what city, county, or State the land is located, it does show definitely the names of the streets bounding the lot on two sides and the names of the persons whose land constitutes the boundaries on the two remaining sides, and also the definite quantity of acres contained within the boundaries. By the aid of parol evidence the property can be located. Black *v.* Skinner, 53 Fla. 1090 (43 So. 919).

2. This case is distinguished from the case of *Glover* v. *Newsome,* 132 *Ga.* 797 (65 S. E. 64), in which case the quantity of land was indefinite, being described as containing a designated number of acres "more or less." The street constituting the north and south boundary was not named, and another boundary was described as "north by the lands of" the grantor. Like the present case it does not appear from the description in what town, county, or State the land was located; but the deed was insufficient to describe the lands, for the reasons already stated, if the town, county, and State had been made to appear. *Hun-*

*tress* v. *Portwood*, 116 *Ga.* 351 (3), 354 (42 S. E. 513); *Walden* v. *Walden*, 128 *Ga.* 126 (57 S. E. 323).

*Judgment affirmed. All the Justices concur.*

No. 1895. NOVEMBER 11, 1920.

Equitable petition. Before Judge Searcy. Pike superior court. January 3, 1920.

*James R. Davis,* for plaintiffs in error.

*Redding & Lester,* contra.

