### MIMS *v.* MIMS.

HILL, J. Where the special grounds of a motion for new trial complain of certain recited charges of the court to the jury, it is the duty of the judge either to approve or to disapprove these grounds, and not

to approve them in a conditional manner, so as to require the Supreme Court to examine the entire charge to ascertain whether the charges set out in the grounds of the motion are correctly stated or not. *Landrum* v. *Landrum,* 145 *Ga.* 307 (89 S. E. 201); *Louisville & Nashville R. Co.* v. *Ogles,* 146 *Ga.* 20 (90 S. E. 476); *McLean* v. *Mann,* 148 *Ga.* 114 (95 S. E. 985).

(*a*) Where the trial judge approved the grounds of the motion for new trial in the following language: "The recitals of the facts contained in the above and foregoing motion for new trial and the amendments thereto, as modified by the court, are hereby approved as true and correct," and where on the motion the judge entered explanatory notes as follows: "As to what the evidence was, see brief of evidence," and as to what the charge was, "reference is made to charge of the court," such approval was not unconditional, and under the rule laid down above the court did not approve the amended grounds of the motion for new trial as correct without qualification, but such action on the part of the judge amounted to a disapproval of the grounds as stated, leaving it to the Supreme Court by comparing the evidence stated in the motion with the brief of the evidence, and the charges set out in the motion with the general charge, to ascertain whether such grounds contained correct excerpts from the brief of evidence and the charge of the court; and under such an entry this court can not undertake to pass upon the grounds of the motion dependent upon such alleged evidence and charges.

(*b*) This character of entry does not fall within section 3 of the act of August 21, 1911 (Acts 1911, p. 149). Here there was not a mere failure to approve the grounds of the motion, as provided for in the act of 1911, but an entry which amounted to a disapproval of them as set out in the motion for new trial. *Landrum* v. *Landrum,* supra.

2. While the evidence was conflicting and somewhat uncertain, it can not be held that the verdict was without evidence to support it.

*Judgment affirmed. All the Justices concur, except George, J., absent.*

No. 2223. MARCH 16, 1921.

Libel for divorce. Before Judge Ellis. Fulton superior court. August 27, 1920.

*John H. Hudson* and *James & Bedgood,* for plaintiff.

*Branch & Howard,* for defendant.