### 12260.　HAYGOOD et al. v. CLARK COMPANY.

HILL, J. 1. The second, fourth, and fifth grounds of the amendment to the motion for a new trial, complaining of the admission of testimony, are not approved as true by the trial judge, without qualification. A lengthy note is added to these grounds, fully setting out what appear to be material qualifications of the grounds as presented by the movant. Even express approval with added qualifications is not an unqualified approval of the grounds as true, and therefore these grounds do not present any question for the consideration of this court. *McLean* v. *Mann*, 148 *Ga.* 114 (95 S. E. 985); *L. & N. R. Co.* v. *Ogles*, 146 *Ga.* 20 (90 S. E. 476); *Franklin Co.* v. *Gillespie*, 137 *Ga.* 567 (73 S. E. 833); *Griggs* v. *State*, 17 *Ga. App.* 301 (2) (86 S. E. 726); *Shierling* v. *Richland Grocery Co.*, 9 *Ga. App.* 271 (70 S. E. 1126).

2. Where the controlling issue as to the wife was whether the note sued on, given by the husband and the wife as joint and several makers, was given for a debt of the wife or a debt of the husband, it was not error to exclude the testimony of the wife that "the debt was not her debt, but was the debt of her husband." This was the statement of a conclusion of the witness. In ruling out the testimony the trial judge stated that the witness could give all the facts and circumstances relating to the debt, tending to show whether it was the debt of her husband or her own debt. The mere statement that the debt was not her debt but that of her husband was an opinion of the witness which had no probative value, without all the facts and circumstances upon which it was based. *Howell* v. *Howell*, 59 *Ga.* 146 (3); *Reinschmidt* v. *Dorough*, 14 *Ga. App.* 410 (2) (81 S. E. 252); *Alabama Great Southern R. Co.* v. *Brown*, 140 *Ga.* 792 (3) (79 S. E. 1113, Ann. Cas. 1915A, 1159).

3. Books of account kept by the plaintiff, after preliminary proof that they were books of original entry and that the plaintiff kept correct books of account, were properly admitted in evidence in corroboration of the plaintiff's testimony, and entries on such books, showing to whom goods purchased by the defendant were in fact charged at the time of the purchase, were admissible in evidence. *Tifton, Thomasville & Gulf Ry. Co.* v. *Butler*, 4 *Ga. App.* 191 (3) (60 S. E. 1087); *Bush* v. *Fourcher*, 3 *Ga. App.* 43 (3) (59 S. E. 459).

4. Where a witness testified that he knew the handwriting of a named person, and that certain entries in a day-book were in the handwriting of that person, this was sufficient to admit the book in evidence, especially where it was shown that the person named was the clerk whose duty it was to keep said day-book. Civil Code (1910), § 5835; *Bessman* v. *Girardey*, 66 *Ga.* 18 (1).

5. In a suit on a promissory note made in favor of the plaintiff by the defendant and his wife, where the answer of the defendant admitted the execution of the note sued on and its amount, but alleged that he had delivered certain cotton to the plaintiff to be sold and credited on the note, and that the amount for which the cotton had been sold was in excess of the amount of the note, it was not error for the court to charge the jury "to find a verdict in favor of the plaintiff against the defendant Floyd Haygood for whatever amount the evidence shows, if any, to be due on the note, including principal, interest and costs, if the evidence shows anything to be due on the note." This instruction did not convey a suggestion by the court that in any event there should

be a finding in favor of the plaintiff against the defendant Floyd Hay-
good.  It was equivalent to telling the jury not to find anything against
the defendant Floyd Haygood, unless the evidence showed something
to be due on the note.

6. The charge as a whole clearly and correctly presented to the jury the
issues of fact and the law applicable thereto, and the verdict is amply
supported by the evidence.  No merit appears in any of the assignments
of error, and there was no error in overruling the motion for a new
trial.  *Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 14, 1921.

Complaint; from Troup superior court — Judge Terrell.  De-
cember 27, 1920.

*Redding & Lester,* for plaintiffs in error.

*Hatton Lovejoy, E. T. Moon,* contra.