### 14360.  COLLIER *v.* MOORE.

BELL, J.  1. If on the trial of an action by the vendee for specific performance of a contract for the sale of lands it should be developed that, without fault of the plaintiff but on account of the fact that the vendor does not own the whole interest in the property, a specific performance of the contract is impossible, the defendant cannot complain if the court shall proceed upon a proper prayer to assess damages for a breach of the contract. -See *Causey* v. *Causey,* 106 *Ga.* 188 (1), 193 (32 S. E. 138); *Lane* v. *Lodge,* 139 *Ga.* 93 (3 *a*) (76 S. E. 874); Civil Code (1910), § 4639.

2. If, after notice that another has made a contract for the purchase of land, a third person cuts in, buys it, and takes a conveyance, such person stands in the place of his vendor, and a court of equity, if it would decree a specific performance of the contract against the latter, will render a like decree against the former. *Bryant* v. *Booze,* 55 *Ga.*

438 (1); *Grooms* v. *Grooms,* 141 *Ga.* 478 (2) (81 S. E. 210). The notice need not be actual nor amount to full knowledge. Information, from whatever source derived, which would excite apprehension in an ordinary mind and prompt a person of average prudence to make inquiry, will be sufficient. *Bryant* v. *Booze,* supra. The allegations of the amended petition in the instant case invoked against the defendant an application of these principles.

3. The petition prayed for a decree of specific performance of the contract, with an alternative prayer for "damages for the breach of said contract or for causing a breach thereof," "in the event the full and complete title to said property cannot or is not for any reason decreed to be in petitioner under his said contract." *Held:* If the defendant in such a case can be made to stand in the place of the plaintiff's vendor for the purposes of specific performance, it follows that he may in like manner be required to answer in damages in the place of such vendor, where specific performance is impossible; and applying the rulings stated in paragraphs 1 and 2 above, the verdict for damages in favor of the plaintiff in the instant case is not illegal because it developed upon the trial that the plaintiff's vendors had title to only a seven eighths undivided interest in the land. See, in this connection, *Employing Printers Club* v. *Doctor Blosser Co.,* 122 *Ga.* 509 (2) (50 S. E. 353, 69 L. R. A. 90, 106 Am. St. Rep. 137, 2 Ann. Cas. 694).

4. The contract relied upon by the plaintiff was as follows: "July 18, 1919. Received of G. R. Moore one hundred dollars, same being part payment of purchase price of one lot and house on corner of Thomaston street and Murphey avenue, lot containing two acres of land, bounded on north by Albert Bush, west by Thomaston street, south by Murphey avenue, east by Mr. Hudgins, the purchase price being $1,900.00 cash. [Signed] Priscilla Stroud, Mrs. R. E. Bowman, per Priscilla Stroud." Though this writing when standing alone may not have been sufficient to identify the property (see, with reference to the identical contract, *Stroud* v. *Moore,* 150 *Ga.* 656 (2), 104 S. E. 633), the insufficiency was supplied when the defendant amended his answer, admitting that he purchased the property "described in said petition," and alleging that on a day named he sold and conveyed "said property" to another, and when his deed of conveyance referred to, on being introduced in evidence, specifically located the property in the city of Barnesville, Georgia.

5. "There is no statute in this State requiring the authority to make the memorandum required by the statute of frauds to be in writing, and such authority may be conferred by parol." *Brandon* v. *Pritchett,* 126 *Ga.* 286 (1) (55 S. E. 241, 7 Ann. Cas. 1093).

6. A ground of a motion for a new trial which complains of the admission of evidence, and which is made the subject of a note by the trial judge that the evidence was admitted subject to instructions that would be given in the charge, and that the charge relating to it should be considered in connection with the objection and the evidence, cannot be considered where the charge referred to in the note is not set out in the ground of the motion. A ground of a motion for a new trial must be complete in itself. *Payne* v. *Lyons,* 154 *Ga.* 501 (1) (114 S. E. 892).

7. If the contract set forth in paragraph 4 above was admissible as original evidence on proof of its execution and of knowledge thereof by the defendant prior to his purchase of the property (and unquestionably it was), it was not error to admit testimony in relation to the antecedent negotiations which culminated in the contract. Compare *Brown* v. *Matthews*, 79 *Ga.* 1 (4); *Florida &c. R. Co.* v. *Varnedoe*, 81 *Ga.* 175 (2) (7 S. E. 129); *Sellers* v. *Page*, 127 *Ga.* 633 (6) (56 S. E. 1011); Civil Code (1910), § 5763.

8. Where a ground of an amendment to a motion for a new trial is approved by the trial judge only with material qualifications, it will not be considered by this court. "If the judge approve the ground of the amendment without more, this is a sufficient approval; but an express approval with certain added qualifications is not an unqualified approval of the ground as true. *L. & N. R. Co.* v. *Ogles*, 146 *Ga.* 20 (90 S. E. 476); *Landrum* v. *Landrum*, 145 *Ga.* 307 (2) (89 S. E. 201). Cf. also *Central of Georgia Railway Co.* v. *Mills*, 143 *Ga.* 47 (84 S. E. 120); *Love* v. *Love*, 146 *Ga.* 160 (91 S. E. 27)." *McLean* v. *Mann*, 148 *Ga.* 114 (1) (95 S. E. 985); *Haygood* v. *Clark Co.*, 27 *Ga. App.* 101 (1) (107 S. E. 379). Even if all of the grounds of the amendment to the motion for a new trial are not subject to the rule laid down in the preceding paragraph, none of them show reversible error.

9. There was some evidence to support the verdict, and the court did not err for any reason assigned in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 27, 1923.

Action for damages; from Lamar superior court—Judge Searcy. January 12, 1923.

*James R. Davis*, for plaintiff in error.

*Redding & Lester*, contra.