### 16595. HAMMOND v. THE STATE.

BROYLES, C. J. 1. It appearing from a note by the trial judge that he approved certain portions only of the first ground of the amendment to the motion for a new trial, that ground can not be considered by this court. *Burdette v. Crawford*, 125 *Ga.* 577 (3) (54 S. E. 677); *Franklin County* v. *Gillespie*, 137 *Ga.* 567 (1) (73 S. E. 833).

2. Grounds 2 to 12 (inclusive) of the amendment to the motion for a new trial (complaining of rulings upon the admissibility of evidence) fail to show any reversible error.

(a) Several of these grounds contain exceptions to the admission of documentary evidence, but these exceptions can not be considered, as the evidence is not incorporated in the grounds nor attached thereto as exhibits. Moreover, most of these grounds are not complete and understandable within themselves. To ascertain the alleged errors, the exceptions insisted upon, *and their materiality*, would require a reference to other portions of the record.

3. Ground 13 is expressly disapproved by the judge.

4. Under the facts of the case no harmful error is shown by the remaining two special grounds of the motion (both numbered 14), complaining of instructions given in recharging the jury.

5. The verdict was authorized by the evidence and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 29, 1925.

Indictment for embezzlement; from Heard superior court— Judge Roop. April 28, 1925.

*Smith & Millican, D. B. Whitaker, Terrell & Terrell*, for plaintiff in error.

*W. Y. Atkinson, solicitor-general, L. B. Wyatt*, contra.

---

### 16596. SMITH v. THE STATE.

LUKE, J. Smith was charged with and convicted of possessing distilling apparatus. The sole assignment of error is that the conviction was unauthorized by the evidence. The testimony authorized a finding that the accused was in possession of the premises whereon the apparatus was situated, and further authorized his conviction. The court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JULY 29, 1925.

Accusation of possessing distilling apparatus; from city court of Lexington—Judge Cloud. May 2, 1925.

*T. W. Rucker, Hamilton McWhorter Jr.*, for plaintiff in error.

*W. W. Armistead, solicitor*, contra.