## 16936.  GOOLSBY *v*. THE STATE.

LUKE, J.  The evidence was sufficient to authorize the conviction, and the verdict has the approval of the trial judge.  He did not err in overruling the motion for a new trial.

*Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 2, 1926.

Indictment for possession of liquor; from Jasper superior court —Judge Park.  October 10, 1925.

*Clement & Campbell,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.

---

## 16937.  GOOLSBY *v*. THE STATE.

LUKE, J.  1. The defendant was convicted of the offense of possessing on his premises an apparatus for distilling whisky.  The evidence was sufficient to show his guilt.

2. The special assignment of error, that "the evidence adduced upon the trial of said case fails to disclose and show that the offense alleged to have been committed was committed in Jasper County, Georgia," where the crime was alleged to have been committed, can not work a reversal, for the reason that in a note to the motion for a new trial the trial judge says: "The recital of facts contained in the foregoing motion for new trial and amended motion for new trial are not approved as true and correct, for the reason that my recollection is that R. L. Oxford swore that the crime was committed in Jasper county.  This must be correct, for I charged the jury they could not convict until the evidence showed it was in Jasper county, and the verdict of the jury corresponds with said recollection."

(*a*) Grounds of a motion for a new trial must have the unqualified approval of the trial judge.

*Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 2, 1926.

Indictment for possessing distilling apparatus; from Jasper superior court—Judge Park.  October 10, 1925.

*Clement & Campbell,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.

---

Criminal Law, 16 C. J. p. 1180, n. 74; 17 C. J. p. 88, n. 46; p. 271, n. 41.

---