### 18449. STRICKLAND *v.* THE STATE.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 16, 1927.

Drunkenness at public assembly; from city court of Cairo—Judge J. Q. Smith. August 22, 1927.

*M. L. Ledford, G. A. Worthy,* for plaintiff in error.

*Jeff A. Pope, solicitor,* contra.

Criminal Law, 16 C. J. p. 1178, n. 63; 17 C. J. p. 203, n. 85, 87.
Drunkards, 19 C. J. p. 797, n. 31, 32; p. 798, n. 33; p. 802, n. 17.

---

### 18451. LAND *et al. v.* THE STATE.

1. The excerpts from the charge of which complaint is made in grounds 1 and 2 of the amendment to the motion for a new trial contain each a statement that could well have been left out of the instructions,

Burglary, 9 C. J. p. 1075, n. 13.
Criminal Law, 16 C. J. p. 981, n. 95, 96; p. 985, n. 48; p. 1056, n. 20; p. 1057, n. 21; p. 1122, n. 67, 68; p. 1149, n. 91, 92; p. 1150, n. 93, 97; p. 1221, n. 25; p. 1222, n. 28.

but neither of these statements, when considered in connection with the remainder of the charge, is of such materiality as would likely influence the jury to render a verdict different from that which they would have returned had these statements not have occurred in the charge.

2. The court did not err in instructing the jury as follows: "The State insists that, after the commission of the alleged crime, the defendants, or some of them, fled, and that this is a circumstance indicating guilt. I charge you that flight, if shown, unexplained to the reasonable satisfaction of the jury, is a circumstance for their consideration in determining the question of the guilt or innocence of the defendants." This is a correct abstract proposition of law, and if counsel for the defendants wished a concrete application of the principle to any one of the defendants who had not fled, he should have asked it by a proper written request. However, the jury, as practical, common-sense men, would not have applied these instructions to those who had not fled.

3. After having correctly charged on the weight to be given to the evidence as to the good character of the defendants, the court did not err in adding, "However, if you should believe the accused guilty from the evidence beyond a reasonable doubt, it would be your duty to convict, notwithstanding evidence of good character." *Jeffers* v. *State*, 145 *Ga.* 74 (2) (88 S. E. 571); *Hathcock* v. *State*, 88 *Ga.* 91 (11) (13 S. E. 959); *Thornton* v. *State*, 107 *Ga.* 683 (4) (33 S. E. 673).

4. The 5th ground of the amendment to the motion for a new trial is not unqualifiedly approved by the trial judge, and this court can not consider it.

5. This court can not say there is no evidence to support the verdict.

DECIDED NOVEMBER 16, 1927.

Burglary; from Catoosa superior court—Judge Pittman. August 22, 1927.

*W. E. Mann, W. Gordon Mann,* for plaintiffs in error.
*John C. Mitchell, solicitor-general,* contra.

BLOODWORTH, J. We will discuss the 4th headnote only. The fifth special ground of the motion for a new trial alleges error "because the court erred in allowing the jury trying these movants to disperse and separate during the dinner hour and progress of the trial without the consent of the movants or their attorney, Gordon Mann, who was the sole attorney representing them at the trial, and which was not known to movants or their attorney until after the rendition of the verdict in this case." In a note by the judge as to this ground he says: "Movants and their attorney, Gordon Mann, were present when the jury dispersed; they made no objection thereto, either at the time or at any time thereafter,

during which the jury·was excused in their hearing and in thei:
presence." Grounds of a motion for a new trial must be un-
qualifiedly approved as true by the trial judge. *Goolsby* v. *State,*
35 *Ga. App.* 167 (2-*a*) (132 S. E. 245); *Mitchell* v. *State,* 152
*Ga.* 375 (3) (109 S. E. 357); *Jordan* v. *State,* 153 *Ga.* 167 (2)
(111 S. E. 417). In *McLean* v. *Mann,* 148 *Ga.* 114 (95 S. E.
985), Mr. Justice George said: "If the judge approved the ground
of the amendment without more this is a sufficient approval; but
an express approval with certain added qualifications is not an
unqualified approval of a ground as true." Several cases are cited
to support this proposition. See also *Collier* v. *Moore,* 31 *Ga.
App.* 227 (*a*), 229 (120 S. E. 441), and citations. In referring
to approvals such as are referred to in the foregoing decisions, in
the case of *Mims* v. *Mims,* 151 *Ga.* 330 (*b*) (106 S. E. 279),
the Supreme Court says: "This character of entry does not fall
within section 3 of the act of August 21, 1911 (Acts 1911, p. 149).
Here there was not a mere failure to approve the grounds of the
.motion, as provided for in the act of 1911, but an entry which
amounted to a disapproval of them as set out in the motion for
a new trial." *Landrum* v. *Landrum,* 145 *Ga.* 307 (2-*b*) (89
S. E. 201). Where there is a conflict between the allegations in
a ground of a motion for a new trial and a statement made by the
judge in approving this ground "the qualifying certificate of the
judge settles .the dispute as to what really occurred and from his
statement results a disapproval of that ground of the motion."
*Coart* v. *State,* 156 *Ga.* 536 (4-*a*) (119 S. E. 723); *Brice* v. *State,*
117 *Ga.* 466 (1).

Under the foregoing rulings the note of the judge attached to
this ground of the motion for a new trial does not amount to an
unqualified approval of this ground as true, and this court can
not consider it.

It appearing from the record that plaintiffs in error Carl
Stephenson and Glenn Stephenson escaped from the custody of
the proper officers on September 20, 1927, after the bill of
exceptions in this case was certified by the trial judge; and it
further appearing that this court on October 3, 1927, issued a
rule nisi returnable November 14, 1927, allowing these defend-
ants until said date to surrender and furnish evidence thereof
by filing the same in the office of the clerk of this court; and it

further appearing that said plaintiffs in error did not within the time limit fixed by the order of this court on October 3, 1927, surrender themselves to the proper officers, so as to be subject to the jurisdiction of this court, and furnish evidence thereof by filing the same in the clerk's office; and it further appearing that no evidence of their surrender or recapture has been furnished to this court, it is therefore considered, ordered, and adjudged that the writ of error, so far as it relates to Carl Stephenson and Glenn Stephenson, be dismissed, and the judgment of the court below as to them stands affirmed.

The record, so far as it relates to Frank Stephenson and Ed Land, shows no cause for a reversal, and the judge of the trial court as to them is

     *Affirmed. Broyles, C. J., and Luke, J., concur.*