*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

---

## 18558. ROY *v.* THE STATE.

The sole special ground of the motion for a new trial, not being unqualifiedly approved, will not be considered.
The verdict was amply supported by evidence.

DECIDED DECEMBER 13, 1927.

Carrying pistol unlawfully; from Wilkes superior court—Judge Perryman. September 9, 1927.

Criminal Law, 16 C. J. p. 1221, n. 25.
Weapons, 40 Cyc. p. 861, n. 82; p. 862, n. 86.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Fells, solicitor-general,* contra.

BLOODWORTH, J. The indictment in this case contains two counts, the first charging the defendant with carrying a pistol concealed, and the second charging that he "did carry around with him on his person and did have in his manual possession, outside of his own home and place of business, a certain pistol, without first taking out a license from the ordinary of the county of which he was a resident." The jury returned a verdict of guilty on the second count only.

1. Grounds of a motion for a new trial must have the unqualified approval of the judge who tried the case. *Goolsby* v. *State*, 35 *Ga. App.* 167 (2a) (132 S. E. 245); *Jordan* v. *State*, 153 *Ga.* 167 (2) (111 S. E. 417). The only special ground of the motion for a new trial in this case is not so unqualifiedly approved, and this court can not consider it. Moreover, it was not error, under the facts of this case, for the judge to instruct the jury as follows: "I charge you, however, that the home or place of business of the defendant would not mean the home or place of business of any one else."

2. The evidence was ample to support the finding of the jury.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*