*Hawes Cloud, Hugh E. Combs, Noel P. Park,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

---

## 18670.   MOORE *v.* THE STATE.

1. (*a*) Grounds of a motion for a new trial that are not unqualifiedly approved by the trial judge present no question for the consideration of this court.

(*b*) A ground of a motion for a new trial that is not complete and understandable within itself, and requires reference to other portions of the record in order to determine what was the alleged error, will not be considered.

2. The failure of the court to charge the jury that "a confession, in order to be admissible in evidence, must have been freely and voluntarily made" furnishes no cause for a new trial, where there was no written request for such a charge, and where there was no charge upon the law of confessions.

Criminal Law, 16 C. J. p. 1002, n. 12; p. 1180, n. 74; 17 C. J. p. 88, n. 46, 56 New.

3. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

DECIDED MARCH 7, 1928.

Assault with intent to rape; from Wilkes superior court—Judge Perryman. November 30, 1927.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

LUKE, J. The defendant was convicted of assault with intent to rape, and assigns error on the overruling of his motion for a new trial. The evidence of the woman assaulted makes a clear case. While it is not essential in a case of assault with intent to rape that the testimony of the injured female be corroborated *(Fields* v. *State, 2 Ga. App.* 41, 58 S. E. 327), still in this case the woman was corroborated by the sheriff of the county, who testified that when he carried the defendant before her she readily identified him, and that the defendant admitted what the woman said, and admitted that he caught hold of her and choked her. There is nothing in the record to indicate a "frame-up" by the woman. She was between 55 and 60 years old, had a husband, had been living with him 38 years, and had several children. She was not caught in any improper conduct or compromising position with the defendant, and no reason is shown for her making the charge had it not been true. The defendant was 22 or 23 years old. In his statement he admitted that he went to the woman's house on the occasion in question, though the sheriff testified that when he first caught the defendant he denied having been to her house at all. The jury believed the testimony of the woman and that of the sheriff.

The 1st, 3d and 4th special grounds of the motion for a new trial are not unqualifiedly approved by the trial judge, and therefore present no question for the consideration of this court. *Haygood* v. *Clark Co., 27 Ga. App.* 101 (107 S. E. 379); *Gibson* v. *State, 27 Ga. App.* 175 (107 S. E. 599).

The 2d special ground of the motion is not complete and understandable within itself, and requires reference to other portions of the record in order to determine what was the alleged error; and therefore will not be considered. *Hayes* v. *State,* 36 *Ga. App.* 668 (1*g*) (137 S. E. 860).

The 5th special ground of the motion alleges that "the court erred in failing to charge the jury that a confession, in order to

be admissible in evidence, must have been freely and voluntarily made." There was no charge upon the law of confessions and no written request for a charge on this subject, and "even if the evidence authorized a charge on the law of·confessions, the failure to instruct the jury on that subject, in the absence of an appropriate written request so to do, was no cause for a new trial." *Pierce* v. *State,* 132 *Ga.* 27 (2) (63 S. E. 792). It is not amiss to state that the sheriff testified, relative to the statements made by the defendant, that "the statements that he made were freely and voluntarily made. We did not threaten or intimidate him, and did not offer him any inducement or offer of reward; what he said was voluntary."

The evidence authorized the verdict, and the court did not err in overruling the motion for a·new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*