19665.    HERBERT *v.* THE STATE.

DECIDED MAY 14, 1929.

*W. H. Hammond,* for plaintiff in error.
*B. B. Earle, solicitor,* contra.

BLOODWORTH, J.    1.    The motion for a new trial contains thirteen grounds including the three general grounds.    Following the thirteen grounds, as they appear in the record, the judge makes the following statement: "The foregoing amendment set out in ground thirteenth of the amended motion for new trial is allowed as prayed, and the recitals of fact therein contained are hereby approved as true.    Ordered that the said amendment together with the proceeding [preceding?] nine amended grounds of the amended motion for new trial be filed as a part of the record in the case in which the said amendments are entitled."    This entry approves the 13th ground only.    Each of the special grounds, except the 13th, is based upon alleged errors in the charge, and to each of them is appended a note as follows: "The requested instruction set out in the foregoing (here is given the number of the ground) amended ground of the motion for new

trial was refused except in so far as the same may be covered by the main charge. Said requested instruction was presented by the defendant to the court in writing before the jury retired to consider of their verdict; and the defendant avers that the said requested instruction in question was a legal and pertinent charge, and applicable to the facts of the case tried; and to the refusal of the court to give in charge to the jury the which requested instruction the defendant then and there excepted and here and now excepts, and assigns the same as error requiring the grant of a new trial." This note does not amount to an approval of the special grounds of which it is made a part. "Grounds of a motion for a new trial must have the unqualified approval of the trial judge." *Goolsby* v. *State,* 35 *Ga. App.* 167 (2a) (132 S. E. 245); *Brazil* v. *City of LaGrange,* 37 *Ga. App.* 500 (3) (140 S. E. 782); *Haygood* v. *Clark Co.,* 27 *Ga. App.* 101 (107 S. E. 379). See, in this connection, *Landrum* v. *Landrum,* 145 *Ga.* 307 (2) (89 S. E. 201); *Mims* v. *Mims,* 151 *Ga.* 330 (106 S. E. 279); *Hammond* v. *State,* 34 *Ga. App.* 234 (128 S. E. 918). These nine special grounds not having been approved by the trial judge, this court is not called upon to pass upon them. However, we have examined each of these grounds, and when considered in the light of the evidence and in connection with the charge given, there is nothing in any of them that requires the grant of a new trial. The instructions given the jury not only cover clearly and accurately the issues raised in the case, but cover substantially all the requests to charge shown by the motion for a new trial.

2. The 13th ground of the motion alleges that the court erred in admitting in evidence "as a confession" the following: "I asked the defendant if that was his whisky in the jug which was sitting on the table, and he said it was." This confession was objected to on the ground that it "was not freely and voluntarily made." Whether or not the confession was freely and voluntarily made was submitted to the jury, and by their verdict they declared that it was, and their finding was approved by the trial judge, and, as there is evidence to support their finding, this court will not send the case back for another trial because of this ground. Moreover, there was other evidence to show the ownership of the whisky. The facts in this case clearly differentiate it from *Allen* v. *State,* 4 *Ga. App.* 458 (61 S. E. 840), relied on by plaintiff in error.

3. The evidence supports the verdict and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*