FINNEY *v.* BLALOCK.

No. 17005. MARCH 14, 1950.

658

*C. G. Battle*, for plaintiff in error.

*Hamilton Douglas Jr., Douglas, Evans & Cole*, contra.

CANDLER, Justice. (After stating the foregoing facts.)
In *Bryant* v. *Booze*, 55 *Ga.* 438, this court said: "If, after notice that another has made a contract for the purchase of land, a third person cuts in, buys it, and takes a conveyance, such person stands in the place of his vendor, and a court of equity, if it would decree a specific performance of the contract against the latter, will render a like decree against the former." And the ruling made in that case was followed in *Linder* v. *Whitehead*, 116 *Ga.* 206 (42 S. E. 358), and *Grooms* v. *Grooms*, 141 *Ga.* 478 (81 S. E. 210). In the present case, it is alleged that the defendant purchased the land in question from R. J. Gamble and his wife, Anna Dora Gamble, and accepted a conveyance from

them, with full notice and knowledge, both actual and constructive, of the plaintiff's right to purchase the same under the terms of his contract with them, upon payment of the balance of the purchase-money. In these circumstances, he would unquestionably occupy the place of his vendors, and would have to respond to a demand for specific performance of their contract, for them or with them. Fry on Specific Performance, 57, 58; 1 Story's Eq. § 396; *Collins* v. *Moore*, 115 *Ga.* 327 (41 S. E. 609); *Linder* v. *Whitehead*, supra; *Pearson* v. *Courson*, 129 *Ga.* 656, 658 (59 S. E. 907); *Collier* v. *Moore*, 31 *Ga. App.* 227 (120 S. E. 441).

■ "Generally time is not of the essence of contracts for the sale of land; for such a construction would result in enforcing a penalty 'which equity abhors and the law does not favor;' and interest will generally be treated as full compensation for the delay." *Ellis* v. *Bryant*, 120 *Ga.* 890, 893 (48 S. E. 352). However, time may be made of the essence of such a contract by express stipulation or reasonable construction. Code, § 20-704 (9). In the present case, it is freely conceded in the brief for the plaintiff in error that the contract now before us is not by its terms expressly limited as to time for compliance; and, under the pleaded facts, we do not agree with the contention made that the plaintiff's right to a specific performance of the contract is barred by laches. To do so, we would necessarily have to give it an unreasonable construction. "It is a well-settled and universally recognized rule of law, that no man can profit by his own wrong; and that no man ought to be permitted to profit by a failure upon his own part to perform the obligations imposed upon him by the terms of an agreement to which he was himself a party, is a principle equally well founded both in law and morals." *Hamilton* v. *England*, 95 *Ga.* 693 (22 S. E. 697). This, as the record shows, is an ordinary contract for the sale of land, with part payment of the purchase-money. It contains the usual mutual agreements to buy and sell, a complete description of the property, and expressly stipulates that the sale is to be consummated by the parties when the sellars' title is cleared of defects; and concerning title defects, the petition alleges that litigation affecting the sellers' title, of which they (the sellers) had notice at the time of executing the contract, was not finally concluded until July 27, 1948. In the meantime, the sellers, as shown by

our statement of the facts, had, in violation of their contract, conveyed the premises in question to the defendant, who is the father of Mrs. Anna Dora Gamble; and the plaintiff, by diligent effort, was unable to locate them after the sufficiency of their title was judicially determined. These facts as thus alleged fully convince us that a ruling different from the one just made would do violence to obvious rules of law and the plainest principles of justice.

■ There is no merit in the contention of the plaintiff in error that the allegations of the petition with reference to tender were insufficient to withstand the attack made upon it by his demurrer. Standing in the place of his grantors, the defendant was, of course, entitled to the balance of the purchase-money, which the plaintiff agreed to pay them for the land in question, before being required to specifically perform their contract of sale. *Grooms* v. *Grooms,* supra. But it is a well-established rule that tender before suit is filed may be and is waived where the party entitled to payment, by conduct or declaration, proclaims that, if a tender should be made, acceptance would be refused. *Miller* v. *Watson,* 139 *Ga.* 29 (76 S. E. 585) ; *Burkhalter* v. *Roach,* 142 *Ga.* 344 (82 S. E. 1059) ; *Fraser* v. *Jarrett,* 153 *Ga.* 441 (112 S. E. 487). The facts alleged in the petition were sufficient to show that the defendant by declaration waived tender of the balance which he was entitled to under the terms of the contract; and equity never requires a party to do a vain and useless thing before undertaking to assert his rights.

■ Headnote 4 does not require elaboration.

It follows from what has been said above that the judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*